109 So.2d 180 (1959)
Beatrice J. LACKER, Appellant,
v.
Frank J. ZUERN et al., Appellees.
No. 725.
District Court of Appeal of Florida. Second District.
February 20, 1959.
*181 John L. Riley and Paul H. Roney, St. Petersburg, for appellant.
J.D. Hobbs, Jr., of Cramer, Smith & Hobbs, St. Petersburg, for appellees.
SHANNON, Judge.
Appellant, plaintiff below, filed her amended complaint on February 14, 1958, seeking dissolution of a partnership, an accounting, appointment of a receiver, and an injunction. A copy of the partnership agreement was attached to the complaint, and it reveals that appellant and her husband, one of the named defendants, own an undivided one-half interest in the partnership business as tenants by the entireties, the other one-half interest being owned by the other two defendants, Frank and Hildegarde Zuern, also by the entireties.
Appellant's complaint alleges that she had been forced out of participating in the business by the conduct of the other three partners, and that they have now taken complete control and are draining off the profits in salaries, and further alleges that she advanced a large sum of her personal assets for the purchase of the partnership business.
Appellees moved to dismiss the amended complaint on the ground that an estate by the entirety cannot be separated by the act of a single spouse without the joinder of the other. The lower court granted the motion, and we quote from the order:
"It is ordered and adjudged that the Motion to Dismiss the Amended Complaint be and the same is hereby granted and that the Injunction be and the same is hereby denied, and this cause of action be and the same is hereby dismissed, because this court feels that there are two basic principles of Law, one of partnership, and one of rights under an estate by the entirety, and it is the belief of this court that the law of the estate by the entirety is one and cannot be separated and is more binding on the court than the right of partners to dissolve a partnership. In this suit an estate by the entirety was specifically set up between Beatrice J. Lacker, the plaintiff, and William F. *182 Lacker, her husband and one of the defendants, and therefore it is the opinion of this court that said estate by the entirety cannot be separated and equally divided between the husband and wife, except by death or divorce."
The basic question raised on this appeal is whether appellant's amended complaint alleged facts under which she would be entitled to equitable relief. The chancellor answered this question in the negative and dismissed it; hence, for purposes of the appeal the allegations of the amended complaint will be taken as true. Lykes Bros., Inc. v. Board of Commissioners of Everglades Drainage Dist., Fla. 1949, 41 So.2d 898.
The action of the chancellor was explicitly based on his feeling that the appellant's right to dissolve the partnership of which she was a member was in irreconcilable conflict with the law applicable to tenants by the entirety, which was the status of appellant and her husband's joint partnership interest. However, it would seem that these two legal principles are not necessarily mutually exclusive in the present case, and that the partnership could be dissolved without terminating the estate by the entirety existing as to the parties' joint interest, as that status would continue to apply to whatever form in which the interest was extracted.
In Florida, estates by the entirety may exist in personalty or choses in action as well as realty; 17 Fla.Jur., Husband and Wife, § 21, and it has been held that payment to the husband of a note held by the entirety discharges the note, but the estate continues to attach to the funds in the hands of the husband; Merrill v. Adkins, 1938, 131 Fla. 478, 180 So. 41.
Absent some peculiar circumstance the estate also attaches to the proceeds of the sale of property held by the entirety; Dodson v. National Title Ins. Co., 1947, 159 Fla. 371, 31 So.2d 402; Sheldon v. Waters, 5 Cir., 168 F.2d 483. Similarly, in the instant case, there is no reason the estate would not continue as to the husband and wife's interest, whatever change in form might be effected by the dissolution of the partnership.
Assuming then that this interest may be withdrawn from the partnership without affecting the estate, the question still remains whether equitable relief may be afforded a wife against her husband in regard to property held by the entirety. At common law the husband had the absolute and exclusive right to the control, use, rents and profits of property so held; 41 C.J.S. Husband and Wife § 34 (d) (1) (a); however, Florida is in that group of jurisdictions which have receded from the common law view; see note 52 in the above cited section of 41 C.J.S. In Dodson v. National Title Ins. Co., supra [159 Fla. 371, 31 So.2d 404], it was stated that:
"The income from, or the proceeds of, the sale of real estate held by the entireties is equally the property of the husband and the wife. It is held by the unity. Either one taking possession holds for the benefit of both." (Emphasis added.)
Other cases have held that each tenant by the entirety owes to the other the highest degree of confidence and trust, and may not take advantage of a cotenant; Andrews v. Andrews, 1945, 155 Fla. 654, 21 So.2d 205; Spencer v. Spencer, 1948, 160 Fla. 749, 36 So.2d 424; Bruce v. McClure, 5 Cir., 1955, 220 F.2d 330.
These cases, by necessary implication, are authority for granting equitable relief against a husband, cotenant by the entireties, where he is draining off the profits arising from the property so held, and impairing the corpus, as the complaint in the instant case alleges.
This is in line with the general law elsewhere; 41 C.J.S. Husband and Wife § 34 (d) (1) (d). In 168 A.L.R. at page 264, it is said:
"It is well settled that one tenant may apply for judicial protection of *183 his rights in the property held by him as tenant by the entirety and that equity will grant relief if the peculiar circumstances of the case warrant such relief."
Reversed and remanded for further proceedings.
ALLEN, Acting Chief Judge, and SMITH, FRANK A., Associate Judge, concur.