485 A.2d 506

**Charles VACCO, Appellant,**

**v.**

**George MARCUS, Rose Marcus, Carl Marcus, 122 Bar, A Partnership and the 122 Corporation.**

Superior Court of Pennsylvania.

Argued July 12, 1984.

Filed Dec. 14, 1984.

---

Thomas M. Castello, Pittsburgh, for appellant.

Joseph D. Talarico, Pittsburgh, for appellees.

Before ROWLEY, TAMILIA and HESTER, JJ.

PER CURIAM:

In September, 1967, a jury awarded appellant five thousand dollars as a result of an altercation with appellee, George Marcus. Appellant's action was filed against George Marcus, individually and trading as 122 Lounge. The judgment was indexed solely against George Marcus.

On February 1, 1974, George and Rose Marcus, appellees, entered into a written agreement for the sale and transfer of the assets of the 122 Bar to the 122 Corporation which was owned by their son, Carl Marcus. It is the validity of this transfer that was before the lower court for determination.

Appellant filed his complaint in equity alleging *inter alia* that appellees intentionally caused the sale, transfer and conveyance of the assets of the 122 Bar to their son's corporation for the purpose of defrauding appellant, a judgment creditor. Appellant alleged appellees transferred the assets in order to avoid attachment and execution, and did so without notification to appellant, in violation of the Pennsylvania Bulk Transfer Act. Appellant contends the business was a partnership between George and Rose Marcus subject to his prior judgment.

The parties agreed to submit the case to a Chancellor based upon a stipulated statement of facts and memorandums of law. The Chancellor entered a decree nisi, finding the 122 Bar was property owned by tenants by the entireties and, therefore, could not be subject to the debts of one of the spouses. The Chancellor's findings were affirmed by a court en banc. Appellant appeals from this final decree.

■ Initially, we note that a Chancellor's findings of fact, when affirmed by a court en banc, are comparable to a jury verdict and would only be set aside if the evidence is insufficient to support them, if they are premised on erroneous inferences and deductions, or if they constitute an error of law. *Sobers v. Shannon Optical Co.*, 326 Pa.Super. 170,

473 A.2d 1035 (1984); *Krosnar v. Schmidt,* 282 Pa.Super. 526, 423 A.2d 370 (1980).

█ The threshold question is whether the presumption that property owned by husband and wife is held as a tenancy by the entireties has been rebutted. The lower court expounded that, in order to ascertain the existence of a partnership, one must resolve the duties of the husband and wife and the extent of their involvement in the business. The lower court focused on the intention of the couple in determining whether a partnership existed, found it unclear, and refused to imply the existence of a partnership. The court found neither an agreement between the couple to conduct their business as partners nor a partnership by estoppel.

We must disagree.

The record discloses the state liquor license and fictitious name registration were in the names of both George and Rose Marcus. Clearly, this evidence in itself is not sufficient to rebut the tenancy by the entireties presumption. However, in light of the recent case *Silco Vending Co. v. Quinn,* 315 Pa.Super. 367, 461 A.2d 1324 (1983), we must consider appellees' admissions, in conjunction with other indicia, as evidence that a partnership existed. Paragraph 5 of the stipulated statement of facts filed by the attorneys for the parties is as follows:

5. George Marcus and Rose Marcus were partners in a business entity known as the 122 Bar, where George Marcus and Rose Marcus carried on a restaurant and retail liquor business.

And further, Paragraph 6 of the stipulated statement also states:

6. George Marcus and Rose Marcus shared in the possession and control of the assets and in the profits generated from their operation of the 122 Bar.

In *Silco Vending Co.,* the lower court did not find a husband-wife partnership operating a tavern, and therefore

rejected appellant's contention that the wife WAS bound by a contract, entered into by her husband, under the provisions of the Uniform Partnership Act. This Court reversed and remanded on the basis that the wife admitted the existence of a partnership in her answer and in her response to appellant's interrogatories. Admissions of a partnership were made by the wife's attorney during the course of trial as well. This Court specifically stated:

> the facts that Mrs. Quinn was co-owner of the tavern as a tenant by the entireties and was co-holder of the license issued by the Pennsylvania Liquor Control Board for operation of the taproom provide a basis for at least the possibility that her averment of partnership in the business was true. To ignore her admissions under these circumstances was thus an abuse of discretion.

*Id.*, 315 Pa.Superior Ct. at 372, 461 A.2d at 1327.

Similarly, appellees' stipulation cannot be ignored when viewed in conjunction with the fact that the state liquor license and fictitious name registration were in both appellees' names.

Furthermore, this Court must respectfully disagree with the lower court's finding that George Marcus' deposition fails to support a finding of a partnership. In George Marcus' deposition the following colloquy occurred:

Q. What was your capacity, what did you do before you sold the bar, at the bar?

A. In the same capacity I am in now, naturally. With just a different title, I guess you would call it. One was manager, partnership/ownership. It was just a transfer management. That's all. I am doing no different now than I did before.

Q. How about your wife? Did she do anything?

A. She kept all the books. She managed the day. She managed the money. I didn't do anything but manage the night business. Bring the money home

> and give it to her, and she would take care of it. I know nothing of it.

Appellee concedes his deceased wife's active participation in the business operations, as well as his wife's control over the bar's financial profile.

In *Northampton Brewery Corp. v. Lande*, 138 Pa.Super. 235, 10 A.2d 583 (1939), this Court was presented with a similar factual setting. In that case, appellant and her husband leased property, obtained liquor licenses, and registered under the Fictitious Names Act "in the names of both." They then opened a restaurant. A creditor of the wife obtained a judgment against her and attempted to execute on her interest in the business. In affirming the lower court's conclusion that a partnership existed, we held that "the element of carrying on a business or commercial enterprise for profit" served to differentiate appellant's partnership from a tenancy by the entireties. The joint lease, bank accounts, and appellants activities confirmed the existence of a partnership.

The lower court herein found *Northampton Brewery Corp.* too restrictive, stating that "carrying on a business for profit" does not, *ab initio*, make a partnership. The lower court decided the salient consideration in determining the existence of a partnership is a couple's sharing of profits *and* losses. The trial court found this element lacking herein. We cannot agree in view of the fact that appellee's deposition acknowledges a "partnership/ownership."

Finally, we cannot ignore the plain language of *Silco Vending Co.*, which finds a party's admissions, in conjunction with other supporting evidence, dispositive on the issue of a partnership. We thus find that the lower court erred in ruling that the property was held as a tenancy by the entireties.

Order vacated; case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.