**In re Joseph V. CANTO a/k/a Joe Canto, Debtor.**

**No. 85–00072.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 11, 1988.

Karen K. Specie, Gainesville, Fla., for Golf Intern.

Lansing J. Roy, Keystone Heights, Fla., for debtor.

Valerie J. Hall, Gainesville, Fla., trustee.

## ORDER GRANTING OBJECTION TO EXEMPTION AND AUTHORIZING SALE OF PROPERTY

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS CASE came on for hearing on an objection filed by Golf International (Golf), a creditor and party in interest, to the debtor's exemption of his interest in a limited partnership, Casa Development Ltd., III, a Florida Limited Partnership. Resolution of the exemption question will also determine the outcome of the debtor's objection to the sale by the trustee of the estate's interest in the limited partnership.

Having heard and considered the evidence and the arguments and memoranda of counsel, the Court finds and concludes that the debtor's partnership interest in Casa Development Ltd., III is not owned as tenants by the entirety with his wife, and it is, therefore, not exempt. The Court concludes further that, because the debtor's partnership interest is not exempt, the estate owns an interest which may be sold by the trustee, and the debtor's objection to sale of that interest is overruled.

The debtor filed an individual Chapter 11 petition on August 29, 1985. A Chapter 11 petition was also filed the same date by the debtor, as General Partner, on behalf of Casa Development Ltd., III (Casa III). The debtor's individual case was converted to a case under Chapter 7 on March 25, 1987. Golf thereafter offered to purchase the debtor's general partnership interest in Casa III from the estate for the sum of $500.00, and a Notice of Sale was mailed by the trustee on June 10, 1987.

The debtor filed an objection to the sale claiming for the first time since this case was filed almost two years ago that his partnership interest is held in tenants by the entireties and that, therefore, it is exempt. At the same time the debtor also filed an amended Schedule B–4 to claim his equity in the partnership, with a value of $555,347.00, as exempt. The debtor's objection to sale was brought on for hearing on October 1, 1987, at which time the Court withheld its ruling to give Golf an opportunity to file an objection to the debtor's exemption of the partnership interest. Golf filed its Objection To The Debtor's Claimed Exemption; the debtor thereafter filed a response; and the matter was heard on December 3, 1987. Golf was then given an additional twenty (20) days to file a supporting memorandum of law.

Golf's position is that: a) the partnership documents reflect that the debtor individually is the general partner of Casa III and that his wife's only interest is as a limited partner, and b), if the debtor and his wife are joint owners of the general partnership interest, then they, as an entity, are also the general partner and they are jointly

liable on all partnership debt. The debtor, on the other hand, admits that he is the general partner and the person liable on all partnership debt, but he contends that he owns his partnership interest jointly with his wife as tenants by the entireties. The debtor argues that, because of the distinction between a person's status as a partner and that person's partnership interest, the partnership interest may be owned jointly with a non-partner.

The debtor has maintained throughout, and the evidence bears out the fact, that he alone is the general partner of Casa III. The first paragraph of the Limited Partnership Agreement provides as follows:

> THIS LIMITED PARTNERSHIP AGREEMENT, made and entered into by and between JOSEPH V. CANTO of Gainesville, Florida (hereinafter called the "General Partner"), and all parties appearing on the signature page to this Agreement (hereinafter called the "Limited Partners").

Article V, "NAMES AND ADDRESSES OF PARTNERS," states that: "1. The General Partner is JOSEPH V. CANTO whose address is: 3215 SW 62nd Lane, Gainesville, Florida, 32601." Article XXIV, "DEFINITIONS," states that, "General Partner means JOSEPH V. CANTO." The partnership agreement is signed by JOSEPH V. CANTO as the General Partner and CAROLE N. CANTO, his wife, as a Limited Partner. Finally, the evidence reflects that Mrs. Canto has never participated in the management or affairs of the limited partnership. The Court finds, therefore, that Joseph V. Canto is the sole general partner of Casa III.

The Court agrees with the general proposition stated by debtor's counsel that a husband and wife may own a partnership interest in an estate by the entireties. Such was the situation in *Lacker v. Zuern*, 109 So.2d 180 (Fla. 2d DCA 1959), cited by the debtor. *Lacker* involved a general partnership owned by two husband and wife couples, the Lackers and the Zuerns. Beatrice Lacker filed the suit against her husband and the Zuerns seeking a dissolution of the partnership, an accounting, ap-

pointment of a receiver, and an injunction. The principal issue of law decided by the Court was whether or not the wife, as a cotenant by the entireties, was entitled to equitable relief against her husband, the other cotenant. Whether or not a partnership interest could or could not be owned in an estate by the entireties was not an issue; although, the Court did find, based on the language of the partnership agreement, that the parties owned their partnership interest as tenants by the entireties. The partnership agreement specifically provided that each couple owned an undivided, one-half interest in the partnership as tenants by the entireties. In *Lacker*, however, all four of the parties were partners from the inception, and each person acquired his or her interest as an incident of their partner status. The distinguishing factor here, of course, is that the debtor is and always has been the sole general partner of Casa III while his wife is a limited partner.

Thus the crux of this case is whether or not Mrs. Canto, although not a general partner, could have or did at any time acquire a joint interest with her husband in his general partnership interest. The agreement provides that the debtor may own his interest with his wife as tenants by the entireties. Article XIV, paragraph 3., states in pertinent part that,

> The General Partner may transfer, sell, assign, give or otherwise dispose of any portion of his interest except that he shall at all times retain a minimum of 40%. *Such 40% may be held in his own name or in joint tenancy with his spouse....* (emphasis added)

On the first signature page under the "Name" heading, the names of the debtor and his wife are listed as follows:

> JOSEPH V. CANTO, General Partner
> CAROLE N. CANTO, Limited Partner
> (to hold as tenants by the entireties).

Article XIV of the agreement clearly contemplates the possibility that the debtor and his wife might hold his interest as tenants by the entireties. The Court disagrees, nevertheless, with debtor's assertion that the notation on the signature

page, "(to hold as tenants by the entireties)," accomplished that result.

 A partnership is defined in the Florida Uniform Partnership Act as follows:

> (1) A "partnership" is an association of two or more persons to carry on a business for profit as co-owners.

Fla.Stat.Ann. § 620.585 (West 1977). Each co-owner or partner acquires at the inception of and incident to the partnership relationship certain property rights. Those are:

> (1) His rights in specific partnership property;
>
> (2) His interest in the partnership; and
>
> (3) His right to participate in the management.

Fla.Stat.Ann. § 620.675 (West 1977). The rights of a general partner of a limited partnership are the same as those of a partner in a partnership without limited partners. Fla.Stat.Ann. § 620.09 (West 1977). The debtor is and, as heretofore discussed, always has been the sole general partner of the Casa III limited partnership; therefore, he acquired all of the above general partnership rights in his name alone at the time of its formation.

 The only partnership right in which Mrs. Canto, or anyone for that matter, could have subsequently acquired any share is the debtor's interest in the partnership. A partner's rights in specific partnership property is not assignable, nor is it subject to attachment or execution except on a claim against the partnership. Fla. Stat.Ann. § 620.68 (West 1977). A partner's interest in the partnership, on the other hand, is his share of the profits and surplus. It is his personal property, and it is assignable. Fla.Stat.Ann. §§ 620.685, 620.69 (West 1977). However, nothing in the partnership agreement either purports to be or can be construed as an assignment of any of the debtor's partnership rights.

Upon the filing of the petition, the debtor's interest in the partnership vested in the estate, and the trustee may sell that interest for the benefit of the estate's creditors. *Matter of Buchman*, 600 F.2d 160 (8th Cir.1979). Accordingly, it is

ORDERED AND ADJUDGED that:

1) the OBJECTION TO THE DEBTOR'S CLAIMED EXEMPTION filed by Golf International is hereby SUSTAINED;

2) the debtor's OBJECTION TO SALE is hereby DENIED; and

3) the trustee is hereby authorized to take such action as is necessary to complete the sale of the partnership interest.