Delbert WEHRHEIM, Appellant,

v.

Wayne A. BRENT, et al., Respondents.

No. 65487.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 7, 1995.

John E. Hilton, Carmody, MacDonald, Hilton, Wolf & Keast, P.C., Clayton, for appellant.

Garry McCubbin, Warren W. Friedman, Law Offices of Warren W. Friedman, St. Louis, for respondents.

SIMON, Judge.

Plaintiff Delbert Wehrheim appeals from the trial court's grant of motions by defendants Wayne A. Brent (Wayne Brent) and Barbara A. Brent (Barbara Brent), husband and wife, to quash plaintiff's Application for Charging Order (application) against Wayne Brent's interest in Brown–Brent & Associates, a Missouri general partnership. Plaintiff's sole point on appeal is that the trial court erred in quashing his application because Wayne Brent holds his interest in Brown–Brent & Associates (partnership) as a tenant in partnership rather than in a tenancy by the entireties, making the interest subject to being charged to satisfy a default judgment plaintiff secured against Wayne Brent. We affirm.

The facts are not in dispute. Wayne and Barbara Brent, along with two other married couples, entered into a partnership agreement on September 3, 1980, forming "Brown–Brent–Hanes & Associates." The agreement stated that it was

> made and entered into ... by and among J.J. BROWN and NETTIE BROWN, his wife, as tenants by the entireties ("Brown"); WAYNE A. BRENT and BARBARA A. BRENT, his wife, as tenants by the entireties ("Brent"); and C.O. HANES and LUELLA E. HANES, his wife, as tenants by the entireties ("Hanes")....

The Browns and the Brents later purchased the partnership interest of the Haneses, and on November 4, 1983, the two remaining couples executed an amended partnership agreement, which, like the original agreement, expressly stated that the interests were taken by the couples as tenants by the entireties. Both agreements also expressly divided profits and losses to the participating couples as tenants by the entireties.

On January 30, 1992, plaintiff secured a default judgment against Wayne Brent for $13,366.40. Plaintiff filed his application to charge Wayne Brent's interest in the partnership on November 10, 1993, alleging that he was unable to discover any assets of Wayne Brent and that the charging order was necessary to prevent Wayne Brent from "secret[ing] any such assets he may have, including assets of [the] partnership." Wayne Brent responded with a motion to quash plaintiff's application on December 6, 1993, on the ground that his partnership interest was held in a tenancy by the entireties with Barbara Brent. On December 7, 1993, Barbara Brent filed a motion to intervene in the matter, along with her motion to quash plaintiff's application. Subsequently, the trial court granted Barbara Brent's motion to intervene and sustained her motion to quash the application. This appeal followed.

Plaintiff argues on appeal that Wayne Brent is a tenant in partnership with the other partners, including Barbara Brent, and that the charging order therefore is authorized by § 358.240, R.S.Mo.1986 (all further references to this section shall be to R.S.Mo. 1986). In essence, plaintiff's position is that the partnership in its present amended form is owned by the Browns and Brents as four individuals rather than as two couples.

The primary criterion to be applied in determining whether a partnership has been created is the intention of the parties. *Stein v. Jung*, 492 S.W.2d 139, 144[6] (Mo.App. 1973). While the parties here do not dispute the existence of the partnership, the nature of it is in dispute. The intention of the Brents clearly was to hold their interest in the partnership as tenants by the entireties. Both the original and the amended agreements identify the Brents' interest as being held by the entireties, and the clause regarding allocation of profits and losses also refers to the Brents as tenants by the entireties.

Where property is owned in tenancy by the entireties, each spouse is seized of

the whole or entirety and not of a share or divisible part. *Stafford v. McCarthy*, 825 S.W.2d 650, 656[4] (Mo.App.1992). Each spouse owns an undivided interest in the whole of the property and no separate interest. *Id.* An execution arising from a judgment against one spouse alone cannot affect property held by a husband and wife as tenants by the entireties. *Edgar v. Ruma*, 823 S.W.2d 59, 61[1] (Mo.App.1991). In Missouri, an estate by the entireties may exist in personal as well as real property. *In re Estate of Morton*, 822 S.W.2d 456, 459[6] (Mo.App.1991). A partner's interest in a partnership is personal property. § 358.260, R.S.Mo. 1994. Therefore, it follows that a partnership interest may be held in a tenancy by the entireties.

■ We find nothing in § 358.240, nor anywhere else in the Uniform Partnership Act (UPA), to suggest that our legislature, in adopting the UPA, intended to abrogate the principle of tenancy by the entireties. The parties have not directed us to any Missouri cases holding that a partnership interest may be held in a tenancy by the entireties, nor has our research revealed any such cases. However, courts in several other states that recognize such tenancies have concluded that a partnership interest may be held by the entireties.

In *M. Lit, Inc. v. Berger*, 225 Md. 241, 170 A.2d 303 (1961), the court found that the Bergers, husband and wife, owned a share in a tavern as tenants by the entireties rather than as partners. It relied largely on the conduct of the couple regarding the business and the language of an agreement to sell the tavern, particularly the facts that the couple identified themselves jointly as one party in the agreement and that they always considered themselves and held themselves out as owning one undivided interest in the tavern. *Id.* 107 A.2d at 306[4–5]. Likewise, by their affidavits and by the language of their partnership agreement, the Brents always have considered themselves owning one undivided interest, and the agreement itself consistently refers to them as tenants by the entireties.

The District Court of Appeal of Florida examined this issue in the context of an equitable proceeding in which a wife sought to recover partnership profits drained by her husband, cotenant by the entireties. *Lacker v. Zuern*, 109 So.2d 180 (Fla.Dist.Ct.App. 1959). The *Lacker* court expressly recognized that a partnership interest could be held by the entireties when it found that "the partnership could be dissolved without terminating the estate by the entirety existing as to the parties' joint interest." *Id.* at 182. Moreover, in reaching its conclusion, the *Lacker* court relied on a partnership agreement similar to the one before us, identifying the owners as two couples, each with an undivided one-half interest in the business as tenants by the entireties. *Id.* at 181.

Two other cases reach the conclusion that a partnership interest held by a husband or wife may be charged by a judgment creditor, but they are distinguishable. In *Widder v. Leeds*, 317 A.2d 32 (Del.Ch.1974), Leeds moved the court to vacate a sequestration order that attached a limited partnership interest that was recorded in his name only. He argued that the interest actually was owned by him and his wife as tenants by the entireties because he purchased the interest with funds derived from securities owned by them jointly. *Id.* at 35–36. The court found that the presumption that funds borrowed jointly by husband and wife are held as tenants by the entireties did not apply where Leeds held the partnership interest in his own name for over five years and where there was no intention originally to hold the interest by the entireties. *Id.* at 36[6–7]. Here, however, the Brents intended to hold their interest in the partnership as tenants by the entireties, as evidenced by the language of the partnership agreement, and the record discloses no time at which the interest was held in the name of Wayne Brent alone.

Plaintiff relies in part on *Vacco v. Marcus*, 336 Pa.Super. 210, 485 A.2d 506 (1984), which also can be distinguished from the situation here. In *Vacco*, the plaintiff had secured a judgment against Marcus alone. The plaintiff alleged that Marcus and his wife transferred their interest in a bar to a corporation owned by their son in an effort to avoid attachment, and that the couple had owned the bar as a partnership subject to his prior judgment. *Id.* 485 A.2d at 506–07. The

Marcuses responded that they owned the bar as tenants by the entireties, making their interest immune from attachment. The trial court found that the interest was held by the entireties, but the Superior Court reversed, holding that because the Marcuses admitted in their stipulated facts and in deposition testimony that they were partners, their interest was held in partnership and was subject to the plaintiff's judgment against the husband. *Id.* at 507–08.

Unlike *Vacco*, defendants here never admitted that they were individual partners. On the contrary, the partnership agreement, affidavits, and motions consistently identify the Brents as tenants by the entireties. Further, Barbara Brent testified that she and Wayne Brent signed the partnership agreement as tenants by the entireties, that they put money into the partnership property together as husband and wife, and that she never took an active role in showing the property.

Since a partnership interest properly may be held by the entireties, and since the Brents consistently have treated their interest as held by the entireties, the trial court properly granted Barbara Brent's motion to quash plaintiff's application.

Judgment affirmed.

AHRENS, P.J., and KAROHL, J., concur.