

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| KRONER INVESTMENTS, LLC, | ) | No. ED107502 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable David L. Dowd |
| DONNA B. DANN, | ) | |
| | ) | |
| Appellant. | ) | Filed: August 13, 2019 |

### Introduction

Donna Dann ("Dann") appeals from summary judgment entered December 5, 2018 in favor of Kroner Investments, LLC ("Kroner Investments") on its petition for declaratory judgment and quiet title and on Dann's counterclaim petition for judicial foreclosure. The action revolves around the parties' competing interests in real property previously owned by husband and wife, Christopher and Sharon Smith (collectively, "the Smiths"). The Trial Court found Dann's deed of trust from Christopher Smith void *ab initio*[1] because the Smiths held the property as tenants in entireties.

In Point I, Dann argues the trial court erred in granting summary judgment when it permitted Kroner Investments to assert Sharon Smith's right under § 474.150.2 RSMo,[2] to assert

---

[1] "From the beginning" *Black's Law Dictionary* 4 (7th ed. 1999).
[2] All references to Revised Statutes of Missouri 2016 unless otherwise noted.

a claim for marital fraud to invalidate Dann's Deed of Trust from Christopher Smith. In Point II, Dann argues the trial court erred in granting summary judgment where she raised an affirmative defense of "laches." In Point III, Dann argues the trial court erred in granting Kroner Investments' motion for summary judgment on her claim for judicial foreclosure because she had a valid, unsatisfied deed of trust.

Finding no error on the record before us, we affirm the judgment of the trial court.

## Background

The matter concerns two parcels of real estate in the City of St. Louis, Missouri, formerly owned by husband and wife, the Smiths. On March 6, 2016, Kroner Investments contracted in writing with the Smiths to purchase the real estate. The contract required payment of $2,500 within (3) days of an acceptance deadline. By April 15, 2016, Kroner Investments had paid in full the $425,000 purchase price for the land.

On April 6, 2016, Dann recorded a Deed of Trust executed by and identifying Christopher Smith as grantor alone, purporting to secure his promise to pay an unpaid child support judgment to Dann in the amount of $59,229.07 as due upon sale.

Kroner Investments sued to quiet title on March 7, 2018. Dann filed a counter-claim for judicial foreclosure on April 17, 2018. Kroner moved for summary judgment on its Petition on May 8, 2018. Kroner Investments moved for summary judgment and to dismiss on Dann's counter-claim on May 16, 2018.

The trial court granted Kroner Investments' Motion for Summary Judgment, finding the summary judgment record reflected the Smiths, as husband and wife, held the properties together as tenants in the entireties which made the deed of trust transfer to Dann by the husband invalid as a matter of law. Dann's counter-petition for judicial foreclosure of the property was similarly

dismissed because, as a matter of law, an invalid deed of trust could not attach to the property, regardless of Christopher Smith's intent to offer it as security for his child support obligation.

## Standard of Review

The standard of review on appeal regarding summary judgment is essentially *de novo*. *Foster v. St. Louis County*, 239 S.W.3d 599, 601 (Mo. banc 2007). Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.* We review the record in the light most favorable to the party against whom judgment was sought. *State ex rel. Mo. Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998). Facts set forth by affidavit or otherwise to support the motion are taken as true unless contradicted by the non-movant's response to the summary judgment motion. *Id.* The non-movant receives the benefit of all reasonable inferences from the record. *Id.* However, all facts must come into the summary judgment record as required by Rule 74.04(c)(1)[3] and (2), in separately numbered paragraphs or in response addressed to those numbered paragraphs. *Holzhausen v. Bi-State Dev. Agency,* 414 S.W.3d 488, 493 (Mo. App. E.D. 2013). A party confronted by a proper motion for summary judgment may not rest upon mere allegations or denials in his or her pleadings, but in order to overcome the motion, the party must set forth specific facts supported by affidavits, discovery, or admissions on file showing a genuine issue for trial. *Id*. A non-movant who relies only upon mere doubt and speculation in its response to the motion for summary judgment raises no issue of material fact. *Id*.

## Point I – Summary Judgment Applying Section 474.150.2 RSMo

In Point I, Dann argues the trial court erred granting summary judgment to Kroner Investments because Kroner Investments lacked standing to argue Sharon Smith's right under

---

[3] All references are to Missouri Supreme Court Rules (2018) unless otherwise indicated.

§ 474.150.2 RSMo to assert a claim for marital fraud to invalidate Dann's Deed of Trust conveyed by her husband, Christopher Smith. Kroner Investments argues the case is clearly pleaded as a justiciable cause of action to quiet title. Kroner Investments argues the primacy of its deed over Dann's void deed is not a matter of right or standing, but a matter of law. Kroner Investments argues any conveyance of property owned by tenants in entirety required the signatures of both Smiths. Kroner Investments asserts the deed lacking both signatures is void.

We begin with Kroner Investments' cause of action as stated in its petition. The petition alleges a statutory cause of action to quiet title, not a claim of marital fraud as Dann contends. Under Missouri law, a suit to quiet title is a statutory action and a "means to determine the respective estates, titles, and interests of multiple people claiming an interest in land." § 527.150.1 RSMo; *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. App. W.D. 2010).

Section 527.150.1 RSMo specifies: "Any person claiming any title, estate or interest in real property, … may institute an action against any person or persons having or claiming to have any title, estate or interest in such property . . . to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate." § 527.150.1 RSMo. A quiet title action is not designed to adjudicate the plaintiff's title as superior to the whole world, but only as compared to the other parties, traced back to their agreed common source. *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 203 (Mo. banc 1996). Here, Kroner Investments and Dann are persons making claims to the property. They are proper parties. Standing to assert a claim for marital fraud under § 474.150 RSMo is not implicated in this analysis; the claim is asserted under § 527.150 RSMo to quiet title.

As to the common source, Dann did not dispute the Smiths were co-owners of the property as husband and wife in her response to Kroner Investments statement of uncontroverted material

4

facts. Dann thereby admits the last common holders of title are Christopher Smith **and** Sharon Smith, husband and wife. The only dispute raised by Dann in her response to Kroner Investments Statement of Uncontroverted Material Facts was legal, arguing Sharon Smith could not "fail" to sign or execute because she was not required to, not being the grantor.

Dann's argument misses the mark, as neither Christopher Smith nor Sharon Smith had any right, title, or interest in the property that could be conveyed or encumbered by either of their sole acts. *Bakewell v. Breitenstein*, 396 S.W.3d 406, 412 (Mo. App. W.D. 2013) (citing *US Bank Nat'l Assoc. v. Cox*, 341 S.W.3d 846, 855 (Mo. App. W.D. 2011). In Missouri, a presumption arises that a husband and wife take as tenants by the entirety if they take as co-grantees and the deed of conveyance contains no limiting words. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 18 (Mo. banc 1980); *see also Bakewell*, 396 S.W.3d at 412. Where property is owned in tenancy by the entireties, each spouse is seized of the whole or entirety and not of a share or divisible part. *Wehrheim v. Brent*, 894 S.W.2d 227, 228–29 (Mo. App. E.D. 1995) (citations omitted). During the spouses' marriage, ownership in tenancy by the entirety may be terminated or severed only by the husband and wife's joint and mutual action. *Bakewell*, 396 S.W.3d at 412 (citing *Ronollo v. Jacobs*, 775 S.W.2d 121, 123 (Mo. banc 1989)).

Because tenancy by the entireties property is "deemed owned by a single entity," neither spouse can convey an interest held by the entirety unless the other spouse joins the conveyance. *Bakewell*, 396 S.W.3d at 412 (citing WILLARD L. ECKHARDT, POSSESSORY INTERESTS AND FUTURE INTERESTS AND CONVEYANCES IN MISSOURI § 40 (West 1986)). As such, "[a] deed by only one of two tenants by the entirety conveys nothing." *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 132 (Mo. 2007) (citing *Austin & Bass Builders, Inc. v. Lewis,* 359 S.W.2d 711, 714 (Mo. banc 1962)).

Where summary judgment is sought relying in part on a rebuttable presumption, summary judgment is not proper if that presumption is rebutted. *See BV Capital, LLC v. Hughes*, 474 S.W.3d 592, 597 (Mo. App. E.D. 2015). Here, Dann provided no facts beyond a naked denial the Smiths owned the property as tenants in entirety, nor did Dann argue pre-trial discovery was not permitted, nor did Dann raise concerns about the credibility of the evidence. Dann never raised material facts disputing the Smiths held the property as tenants in entirety, nor did she dispute the Deed of Trust identified only one of the Smiths and not both.

Dann raised no facts to assert any material dispute as to the type of title or facts supporting waiver or ratification to defeat it. *Fed. Nat. Mortg. Ass'n v. Pace*, 415 S.W.3d 697, 702 (Mo. App. E.D. 2013). Naked denial upon a legal conclusion is not a dispute over a material fact sufficient to defeat a motion for summary judgment. Rule 74.04(c)(2) ("A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial"); *see also White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010) ("To contest evidence, a party need not present contradictory or contrary evidence. While a party can contest evidence by putting forth evidence to the contrary, a party also can contest evidence by cross-examination, or by pointing out internal inconsistencies in the evidence.")(internal citations omitted).

Point I is Denied.

## Point II – Summary Judgment on Danns' Affirmative Defense of Laches

In Point II, Dann argues the trial court erred in granting summary judgment where she properly raised the affirmative defense of "laches." Kroner Investments argues Dann failed to properly plead "laches" as an affirmative defense, thereby waiving it. Kroner Investments further

notes the affirmative defense of laches is inapplicable because its claim sounds in law in seeking only to remove the cloud on its title.

Pleading an affirmative defense requires the statement of ultimate facts. *Clean Unif. Co. St. Louis v. Magic Touch Cleaning, Inc.*, 300 S.W.3d 602, 612 (Mo. App. E.D. 2009) (alleged affirmative defenses supported by only conclusory statements in the pleading fail as a matter of law). The affirmative defense of laches required Dann plead the ultimate facts showing: (1) a plaintiff knew facts giving rise to their rights and (2) a plaintiff delayed assertion of those rights for an unreasonable period to the Defendant's detriment.

Dann's pleading regarding laches states only: "As and for Dann's fifth affirmative defense, Kroner is estopped from pursuing this claim because it has failed to timely pursue its claim and is barred by operation of 'laches.'" Dann's response to averments in the petition note Kroner Investments had constructive notice of the facts giving rise to their rights for two years before seeking to quiet title. Dann also argues additional ultimate facts – namely, the death of Christopher Smith – were provided in its summary judgment briefing.

Ultimate facts must be pleaded; those provided at summary judgment stage do not satisfy the responsive pleading requirements of Rule 55.08. *Ditto, Inc. v. Davids*, 457 S.W.3d 1, 16–17 (Mo. App. W.D. 2014). The two-year time period before Kroner Investments sued was well within the statute of limitations for an action of quiet title in law and Dann averred no special facts demanding extraordinary relief. *Eckel v. Eckel*, 540 S.W.3d 476 (Mo. App. W.D. 2018) (ten-year statute of limitations applicable to quiet title claims); *State ex rel. Gen. Elec. Co. v. Gaertner*, 666 S.W.2d 764, 767 (Mo. 1984) ("as a general rule the doctrine of laches will not bar a suit before expiration of the period set forth in the applicable statute of limitations in the absence of special

facts demanding extraordinary relief."). The trial court did not err in granting Kroner Investments' Motion for Summary Judgment, over Dann's defense of laches.

Point II is Denied.

**Point III – Granting Summary Judgment on Dann's Petition for Judicial Foreclosure**

For Point III, Dann argues the trial court erred in granting summary judgment against her Petition for Judicial Foreclosure because she had a valid deed of trust, due and unsatisfied. Kroner Investments argues the trial court correctly held an invalid Deed of Trust does not constitute a security interest required of § 443.190 RSMo to foreclose upon. Though Kroner Investments mischaracterizes Dann's cause of action as sounding in law rather than equity, the trial court did not err in granting summary judgment on Dann's counter-claim.

For the statutory right of action of judicial foreclosure, a party must hold a valid security interest in the real estate at issue. § 443.190 RSMo. As Kroner Investments argues, a valid security interest is unavailable to Dann, as the Deed of Trust executed by Christopher Smith granted Dann nothing, as explained at length in Point I.

Dann does not base her cause of action on Section 443.190 RSMo. Her pleading raises an equitable cause of action. A claim for judicial foreclosure may sound in law or equity. *Louis v. Andrea*, 338 S.W.2d 96 (Mo. 1960). An equitable lien "'is a right, not recognized at law, but only in equity, which a court of equity will enforce in a proper proceeding by adjudging that a fund, or property, or the proceeds thereof, be applied in full, or in part, to the satisfaction of a particular debt or demand.'" *First Banc Real Estate, Inc. v. Johnson*, 321 S.W.3d 322, 333 (Mo. App. W.D. 2010) (citation omitted). "An equitable lien may attach to property for the purpose of securing payment of an existing obligation and is ancillary to and separate from the debt." *Id.* "Equitable liens have been enforced under various facts and circumstances and it is difficult, if not impossible,

to give an exact definition of what is meant by the term...." *Id*. The "necessary requirements of an equitable lien are: (1) a duty or obligation owed by one person to another; (2) a res to which that obligation fastens and which can be identified; and (3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation." *Fredco Realty, Inc. v. Jones,* 906 S.W.2d 818, 822 (Mo. App. E.D.1995); *see also Iota Mgmt. Corp. v. Boulevard Inv. Co.,* 731 S.W.2d 399, 420 (Mo. App. E.D.1987).

Dann's equitable claim falters. Dann does not hold a valid deed of trust. Her claim cannot attach because the property was owned in tenancy by the entireties. Each spouse is seized of the whole or entirety and not of a share or divisible part. *Wehrheim v. Brent*, 894 S.W.2d 227, 228–29 (Mo. App. E.D. 1995) (citations omitted). Each spouse owns an undivided interest in the whole of the property and no separate interest. *Id.* An execution arising from a judgment against one spouse alone cannot affect property held by a husband and wife as tenants by the entireties. *Id*. Although Christopher Smith owed child support to Dann and expressed an intent for the property at issue to serve as security for the payment of the debt or obligation, both Smiths had to sign as grantors. *Fed. Nat. Mortg. Ass'n v. Pace*, 415 S.W.3d 697, 704 (Mo. App. E.D. 2013) ("neither spouse has any right, title, or interest that he or she may convey, encumber, or devise by his or her sole act"); *see also* § 442.130 RSMo ("[a]ll deeds or other conveyances of lands, or any estate or interest therein, shall be subscribed by the party granting the same, or by his lawful agent, and shall be acknowledged or proved and certified in the manner herein prescribed.").

Here, there was an obligation owed by Christopher Smith to Dann. There was an intent that the property serve as security for payment of that obligation. But the obligation did not "fasten" to the property. One of the "necessary requirements of an equitable lien" is missing. *See Fredco Realty, Inc. v. Jones,* 906 S.W.2d 818, 822 (Mo. App. E.D.1995).

Point III is Denied.

## Conclusion

We affirm the judgment of the trial court.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.