**G. Jeffrey LOCKETT, Appellant,**

v.

**David MUSTERMAN, Respondent.**

No. 62404.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1993.

G. Jeffrey Lockett, pro se.

Ronald J. Brockmeyer, St. Charles, Theodore M. Tahan, Jr., St. Louis, for respondent.

STEPHAN, Judge.

G. Jeffrey Lockett ("Lockett") appeals from an amended order which denied his Petition for Declaratory Judgment. Lockett sought to attach a judgment lien, for his attorney's fees, against real property awarded to David Musterman ("David") by way of a dissolution of marriage decree. We affirm.

Antoinette Musterman ("Antoinette") retained Lockett's services to represent her in a Dissolution of Marriage case against her husband, David. This Dissolution case was later dismissed. Lockett subsequently sued both Antoinette and David for his unpaid legal fees. On September 21, 1990, the trial court entered a judgment: (1) in favor of Lockett and against Antoinette in the amount of $3,169.40; and (2) in favor of David and against Lockett.

David and Antoinette, thereafter, again filed a Petition for Dissolution of Marriage. The trial court held a non-contested hearing on January 15, 1991. That same day, Antoinette, David and the trial court judge signed a handwritten document entitled "Stipulation." Pursuant to the stipulation, the parties agreed that David would: (1) receive the marital home; (2) assume the indebtedness thereon; and (3) hold Antoinette harmless. The stipulation did not include a legal description of the property. On January 25, 1991, the trial court filed a typed document entitled: "DECREE FOR DISSOLUTION OF MARRIAGE." This document reiterated that: "[David] shall receive the marital residence of the parties and shall assume the indebtedness thereon, and shall hold [Antoinette] harmless from same." It, too, failed to contain a description of the property. On February 22, 1991, the trial court entered an Amended Decree for Dissolution. Once again, this document reiterated that: "[David] shall receive the marital residence of the parties

and shall assume the indebtedness thereon, and shall hold [Antoinette] harmless from the same." It, however, contained a legal description of the property.

On April 11, 1991, Lockett filed his Petition for Declaratory Judgment against David seeking to attach a lien, for his attorney's fees, against the real property awarded to David by way of the dissolution decree. On March 27, 1992, the trial court entered an order denying Lockett's petition. On April 7, 1992, the trial court entered its amended order. That order provides that: (1) the interests of David and Antoinette did not become a tenancy in common; (2) Antoinette had no interest in the subject realty to which any judgment lien could attach; and (3) the court's award of the property to David was not subject to Lockett's judgment lien against Antoinette. On April 13, 1992, Lockett filed his Motion for New Trial. On July 21, 1992, Lockett filed his Notice of Appeal.

 Section 527.010, RSMo 1986, permits trial courts to enter declaratory judgments. In reviewing a petition for declaratory judgment, we accept as true all of the well-pleaded facts and their concomitant reasonable inferences, ignoring all conclusions. *Jennings v. City of Kansas City*, 812 S.W.2d 724, 730 (Mo.App.1991). The test for sufficiency of a petition for declaratory judgment hinges on whether the parties show entitlement to a declaration of rights or status on the pleaded facts. *Id.* If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties. *Id.* Because the legislature intended § 527.010, RSMo 1986, as a remedial law affording relief from uncertainty, courts must interpret it liberally. *Id.*

At the outset, we note that neither party addresses the issue of whether Lockett had standing to bring this declaratory judgment action since he was not a party-in-interest to the underlying divorce. Our disposition of this case on the merits, however, renders a discussion on standing unnecessary.

 However, before turning to the merits of this case, we additionally address the propriety of the trial court's action in rendering its Amended Decree for Dissolution. As we have previously stated, on January 15, 1991, the trial court granted David's and Antoinette's divorce after a non-contested hearing. Antoinette, David and the trial court judge signed a stipulation that same day. On January 25, 1991, the trial court signed the Decree for Dissolution, thereby formally acknowledging the January 15, 1991 stipulation and proceedings. Finally, on February 22, 1991, the trial court entered an Amended Decree for Dissolution. Thus, thirty-eight days lapsed between the stipulation and the Amended Decree for Dissolution.

Ordinarily, the trial court only retains control over judgments during the thirty-day period after entry of judgment. Rule 75.01. During this period, after giving the parties an opportunity to be heard and for good cause, the trial court may vacate, reopen, correct, amend, or modify its judgment within that time. Rule 75.01. Section 511.270, RSMo 1986, however, authorizes the court to correct certain omissions in a judgment. Section 511.260(10), RSMo 1986, specifies that the "description of any property" is an omission which may be so corrected. The action of the trial court in making such correction may be nunc pro tunc. *Farmington Bldg., Etc. v. L.D. Pyatt Const.*, 627 S.W.2d 648, 652 (Mo. App.1981).

We note that there is not only statutory but also case law authority upon which the trial court could amend its order nunc pro tunc by adding a description of the property. In *Lansing v. Lansing*, 736 S.W.2d 554, 559 (Mo.App.1987), the trial court awarded the entireties property solely to wife. It, however, failed to include a legal description of the real property in the decree. Subsequently, by way of a nunc pro tunc decree, the trial court added a legal description of the real property. We held that the addition of the legal description for the property:

> was not a substantive change and husband could not have possibly been prejudiced thereby. The judgment entered April 18, 1986 set forth the location of

the marital residence as '8210 Marvale in the County of St. Louis'. The legal description merely served to further describe what was already in the record and what husband was aware of.

Here, on January 15, 1991, the trial court granted David's and Antoinette's divorce decree pursuant to a stipulation entered into between the parties after a non-contested hearing. The decree was effective as of that date, because that is when judgment was entered. *Brown v. Brown*, 537 S.W.2d 434, 438 (Mo.App.1976). The only change made by way of the Amended Decree for Dissolution was the insertion of the legal description of the marital property. Since the legal description merely served to further describe what was already in the record and of that which David and Antoinette were both aware, no prejudice could result to either David or Antoinette. We hold that the trial court's Amended Decree for Dissolution was a nunc pro tunc order. The absence of a legal description in the stipulation did not, by itself, invalidate the award of real property which was effective January 15, 1991.

We turn now to the merits of Lockett's appeal. In summary, Lockett argues that since the trial court: (1) dissolved David's and Antoinette's marriage by way of a non-contested dissolution hearing on January 15, 1991; and (2) did not enter its final Amended Decree for Divorce until February 22, 1991, the real property was transformed from being held as a tenancy by the entireties prior to the hearing to a tenancy in common after the hearing and up until the final disposition of the marital property pursuant to the February 22, 1991 Amended Decree for Dissolution. Lockett's argument continues that the real property, thereafter, was held solely by David. Finally, Lockett argues that since the real property was held temporarily as a tenancy in common with Antoinette as one of the tenants, Lockett's judgment lien against Antoinette could attach to the property.

Our review of the record before us indicates that when the trial court granted David's and Antoinette's Divorce Decree on January 15, 1991, pursuant to a stipulation

entered into between the parties after a non-contested hearing, the trial court effectively awarded the entireties property to David, as a sole individual, in fee simple absolute. Since the trial court by adopting the parties' stipulation effectively converted the entireties property to the sole property of David, a tenancy in common was never created. This disposition is the favored practice in Missouri. In *True v. True*, 762 S.W.2d 489, 490 (Mo.App.1988), our brethren in the Western District held that, unless there is some evidence which shows the necessity for continuing a tenancy in common, it is improper for the trial court to leave property vested jointly in the parties after a dissolution. *See also Reed v. Reed*, 775 S.W.2d 326, 329 (Mo.App. 1989).

Since the trial court never created a tenancy in common and the trial court awarded the entireties property solely to David, Antoinette had no interest in the subject realty to which any judgment lien could attach. Moreover, the court's award of the property to David was not subject to Lockett's judgment lien against Antoinette.

For these reasons, the trial court's judgment is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.