**COUNTY ASPHALT COMPANY, Plaintiff/Respondent,**

v.

**DEMIEN CONSTRUCTION COMPANY, Defendant/Appellant.**

**No. ED 76346.**

Missouri Court of Appeals, Eastern District, Division Two.

March 28, 2000.

Charles W. Niedner, St. Charles, for appellant.

Michael A. Campbell, Campbell & Coyne, P.C., St. Louis, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant appeals from the trial court's judgment denying defendant's motion for nunc pro tunc correction of a clerical error in the entry of a judgment assessing costs against defendant rather than plaintiff. The trial court denied the motion because it found that the parties had entered into a settlement agreement to pay the judgment in installments after the judgment was entered. We reverse and remand.

After a bench trial in the underlying action, the trial court sent a letter to counsel for defendant, Demien Construction Company, with a copy to counsel for plaintiff, County Asphalt Paving Company, which requested defense counsel to send to the court:

a proposed Judgment and Order ... reflecting the following:

> 1. The Court finds the issues in favor of defendant and against the plaintiff on plaintiff's petition.
>
> 2. The Court finds the issues in favor of defendant and against the plaintiff on defendant's counterclaim and awards damages to defendant in the sum of ten thousand seven hundred sixty-nine dollars seventy-two cents without interest.
>
> The judgment sum represents a deduction of one thousand three hundred twelve dollars fifteen cents for the rock added by plaintiff.
>
> Costs of this matter will be taxed to the plaintiff.

Defense counsel prepared a draft judgment which mistakenly recited: "Costs taxed against Defendant." The court signed the judgment without correcting this error.

After the judgment was entered, the attorneys contacted each other by telephone. Defense counsel asked if plaintiff would pay the judgment and advised that his client would be issuing writs of execution. Plaintiff's counsel responded that plaintiff would pay defendant $2000.00 per month until the $10,769 judgment was paid. Defense counsel agreed to this payment arrangement. Court costs were not discussed. Plaintiff subsequently began making the monthly $2000.00 payments. Defense counsel did not discover the error in the judgment with respect to the payment of costs until he received the bill for court costs.

Thereafter defendant filed a motion for nunc pro tunc correction of judgment to reflect the assessment of costs against plaintiff. Plaintiff's counsel forthrightly advised the trial court both orally and in writing that he also did not notice the mistake with respect to costs and would have called it to defense counsel's attention so it could have been corrected. However, plaintiff filed a memorandum arguing that the motion should be denied because the parties had entered into a settlement agreement under which his client was paying the judgment in monthly installments of $2000.00 and a change in the judgment would upset the settlement. The trial court denied the motion on the grounds that the defendant's agreement to accept the monthly payments was a settlement.

On appeal, defendant contends that the trial court erred in denying defendant's motion for nunc pro tunc correction of the judgment for this reason. We agree.

Ordinarily when a judgment is entered and a motion for a nunc pro tunc order seeks to change it, it is presumed that the judgment entered is the judgment of the court and the burden is on the movant to show by competent evidence that a different judgment was in fact rendered. *Aronberg v. Aronberg*, 316 S.W.2d

675, 681 (Mo.App.1958). If the trial court decides against movant, its action must be upheld unless the evidence in support of the motion is so clear that it leaves no reasonable ground upon which to reject it. *Id.* at 681–82; *First Nat. Bank of Collinsville, Ill. v. Goldfarb*, 527 S.W.2d 427, 432 (Mo.App.1975).

In this case there is no dispute about the contents of the court's letter or that the letter reflected the judgment the court rendered. The only question is whether the parties' subsequent agreement, by which the judgment was to be paid in installments, prevented the entry of a nunc pro tunc order. Plaintiff has not cited to us any case which supports denial of a nunc pro tunc correction on this or any similar ground. Plaintiff argues that changing a judgment after settlement thwarts the public policy favoring stability of judgments. We disagree. The purpose and nature of nunc pro tunc relief requires the correction of the clerical error in the entry of judgment in this case.

■ The power to issue a nunc pro tunc order correcting its records is a common law power derived from a court's jurisdiction over its records. *Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997). A court is considered to have continuing jurisdiction over its records, which exists independently from the court's jurisdiction over its cause or its judgment. *Id.* The power over its records "exists so that the court can cause its records to represent accurately what occurred previously." *Id.* "Errors can occur between the 'judicial act of the court in *rendering* judgment and the ministerial act of *entering* it upon the record.'" *Unterreiner v. Estate of Unterreiner*, 899 S.W.2d 596, 598 (Mo.App.1995) (quoting *First Nat. Bank of Collinsville, Ill. v. Goldfarb*, 527 S.W.2d 427, 430 (Mo. App.1975)). The power to issue nunc pro tunc orders constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself. *Pirtle*, 956 S.W.2d at 240. "The theory of a judgment

nunc pro tunc is that it is entered now for then, in order that the judgment as corrected shall speak the truth and import verity with respect to the relief which was actually awarded, and, from some oversight or otherwise, failed to be incorporated in the original entry." *Cross v. Gould*, 131 Mo.App. 585, 110 S.W. 672, 681 (1908); *see also Warren v. Drake*, 570 S.W.2d 803, 806 (Mo.App.1978).

■ The clerical error to be corrected must be discernible from the record. *Pirtle*, 956 S.W.2d at 243. There must be some writing in the record which shows the judgment as actually rendered. *Unterreiner*, 899 S.W.2d at 598. Parol evidence will not support an order nunc pro tunc. *Miller v. Varity Corp.*, 922 S.W.2d 821, 824 (Mo.App.1996). Further, the order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the court's judgment." *Pirtle*, 956 S.W.2d at 243.

■ This is a proper case for the exercise of the trial court's nunc pro tunc power. The error substituting "defendant" for "plaintiff" was clerical. *In re Marriage of Royall*, 569 S.W.2d 369, 370–71 (Mo.App.1978). "A mistake can be clerical whether made by the clerk, the judge, the jury, a party or an attorney." *Id.* at 370. The error did not result from an exercise of judicial discretion because the trial court's letter clearly set forth the court's intent that plaintiff pay costs. Further, the court's assessment of costs, as set out in its letter, was that required by Rule 77.01. The trial court should have entered a nunc pro tunc order to correct the clerical error in the judgment to be in accord with the judgment the court actually rendered as evidenced by its letter. Defendant was entitled to have the judgment which the court had rendered. *Cross*, 110 S.W. at 681.

Plaintiff has not provided any legal authority to support its reasons why the record should not be corrected and we do

not find its reasons to be logically persuasive. The parties' post-entry agreement to pay the judgment in installments has no bearing on the defendant's right to a judgment nunc pro tunc to have the record of the judgment correctly reflect who is to pay costs. No public policy favoring the stability of judgments is violated by correcting the judgment to reflect the payment of costs intended by the trial judge. Further, no question of estoppel is involved because, when counsel for the parties entered their agreement to pay the judgment in installments, they did not discuss costs and, at that time, neither realized that the judgment as typed did not reflect that costs should be paid as the trial court had directed.

The evidence in support of the motion for judgment nunc pro tunc is so clear that it leaves no reasonable ground upon which to reject it. The trial court's judgment denying defendant's motion for nunc pro tunc correction of the judgment is reversed and the case is remanded with directions to the trial court to correct that part of judgment entered on January 13, 1998 which shows "Costs taxed against Defendant" to show "Costs taxed against Plaintiff."

Plaintiff's motion for sanctions and damages for frivolous appeal is denied as moot. Defendant's motion for sanctions is denied.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.