**Richard P. ECKHOFF, Appellant,**

v.

**Evelyn M. ECKHOFF, Respondent.**

**No. WD 59085.**

Missouri Court of Appeals, Western District.

Feb. 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 2002.

W.C. Hodge, Knob Noster, for Appellant.

Matthew C. Morgan, Warrensburg, for Respondent.

Before ULRICH, P.J., ELLIS and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

The trial court dissolved the marriage of Richard P. Eckhoff (Husband) and Evelyn M. Eckhoff (Wife) in an amended judgment entered on March 1, 1999. In the amended judgment, the trial court awarded Wife 50 percent of Husband's thrift savings plan, and awarded Husband 50 percent of Wife's thrift savings plan. Upon Wife's motion, the trial court subsequently entered its "Supplemental Judgment" altering the language regarding the division of the parties' thrift savings plans to make the language acceptable to Husband's plan administrator. Husband appeals, claiming that the trial court did not have the authority to enter the "Supplemental Judgment" correcting the amended judgment. Because this court finds that the court had the power to correct the error in the amended judgment under Rule 74.06(a), the judgment of the trial court is affirmed.

## Factual and Procedural Background

Husband and Wife were married in September 1976. On January 29, 1999, the court entered its judgment dissolving the parties' marriage. Thirty days later on March 1, 1999, with the agreement of both parties, the court entered an amended judgment. Two of the items of marital property divided in the amended judgment were the parties' thrift savings plans. In dividing the parties' thrift savings plans, the court ordered "one half of each thrift plan to each party."

In October 1999, the National Finance Center notified Husband that the language in the court's judgment ordering the division of Husband's federal government thrift savings plan was insufficient to divide the plan. The language was deficient because it did not specifically refer to Husband's thrift savings plan or describe it in such a way as to prevent the plan from being confused with any other federal or private retirement benefits.

After receiving this notice, Wife filed a motion to correct the amended judgment on December 6, 1999. In her motion, Wife asked the court "to review its judgment and correct the language dividing the thrift savings plan providing for sufficient language to divide the thrift saving[s] plans in the manner originally intended by this Court." Wife asserted she was making the motion pursuant to Supreme Court Rule 74.06(a), which provides, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record

and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

On February 22, 2000, Wife filed a second motion to correct the language in the amended judgment dividing Husband's thrift savings plan. This time, Wife made the motion pursuant to Rule 74.06(b)(1), asserting that the language dividing Husband's thrift savings plan was "insufficient and in error due to the mistake, inadvertence, surprise, or excusable neglect by the drafter of the Judgment entry."

On August 7, 2000, the court held a hearing on Wife's motion to correct the judgment. Following the hearing, the court entered a judgment entitled, "Supplemental Judgment." In the judgment, the court made the following findings:

1. This Court has jurisdiction to review its former judgments to correct errors arising from mistake, inadvertence, surprise or excusable neglect;

2. On March 1, 1999, this Court entered an Amended Judgment, Order and Decree of Dissolution of Marriage in this matter;

3. The Judgment attempted to divide the thrift savings plans accrued by the parties during the marriage, but the language contained in the Judgment was insufficient to divide the asset;

4. The Court finds that the language attempting to divide the thrift savings plan was in error and should be corrected so that these assets can be divided

between the parties as originally intended by this Court.

The trial court then ordered "that Evelyn M. Eckhoff is awarded 50% of the Thrift Savings Plan account of Richard Paul Eckhoff, SSN [ ] as of January 29, 1999, and Richard Paul Eckhoff is awarded 50% of the Thrift Savings Plan account of Evelyn M. Eckhoff, SSN [ ] as of January 29, 1999." Husband filed this appeal.

### Standard of Review

 This court will review the judgment of the trial court under the standard of review applicable to any other court-tried case. The judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This court's primary concern is "with the correctness of the trial court's result, not the route taken by the trial court to reach that result." *Business Men's Assurance Co. v. Graham,* 984 S.W.2d 501, 506 (Mo. banc 1999). Therefore, this court will affirm the judgment if it is "cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Id.*

### "Supplemental Judgment" was Nunc Pro Tunc Order

 In his sole point on appeal,[1] Husband contends that the trial court lacked jurisdiction under either Rule 74.06(a) or Rule 74.06(b) to enter the "Supplemental Judgment" correcting the language divid-

---

**1.** In Husband's statement of facts, he questions the timeliness of Wife's motions, and in the argument portion of his brief, he questions the propriety of service of the motions. Issues not raised in the appellant's points relied on are not preserved for appeal and will not be addressed. *City of Riverside v. Progressive Inv. Club of Kansas City, Inc.,* 45

S.W.3d 905, 913 n. 1 (Mo.App.2001). Moreover, Husband's raising the propriety of service of the motions in his reply brief as a second point relied that was not included in his initial brief does not preserve the issue for review either. *Pearman v. Dep't of Soc. Servs.,* 48 S.W.3d 54, 55 (Mo.App.2001).

ing the parties' thrift savings plans in the amended judgment. Husband first argues that Rule 74.06(a) does not apply because the error in this case was judicial, and not clerical. Rule 74.06(a) provides for the entry of nunc pro tunc orders to correct clerical errors in judgments:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

■ In *Pirtle v. Cook,* 956 S.W.2d 235, 240–44 (Mo. banc 1997), the Supreme Court discussed the history and purpose of nunc pro tunc orders. A court continues to have jurisdiction over its records, even when it no longer has jurisdiction over the cause of action or its judgment. *Id.* at 240. To further justice, a court has the power to correct its records through the issuance of a nunc pro tunc order so that the records accurately reflect the true judgment of the court. *Id.* "The power to issue nunc pro tunc orders, however, constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself." *Id.* The purpose of the nunc pro tunc order, then, " 'is to correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded[.]' " *Id.* (quoting *City of Ferguson v. Nelson,* 438 S.W.2d 249, 253 (Mo.1969)). A nunc pro tunc order " 'may not be used to order that which was *not* actually done,

or to change or modify the action which was taken.' " *Id.* (quoting *Nelson,* 438 S.W.2d at 253).

■ To determine whether a court's order constitutes a modification of the judgment or simply a nunc pro tunc order, this court must decide whether the "order changes the original judgment or only the record." *Id.* at 242. As an example of an order that changed only the record and not the judgment itself, the Court in *Pirtle* cited with approval *Lockett v. Musterman,* 854 S.W.2d 831 (Mo.App.1993). *Id.* In *Lockett,* the trial court entered a decree dissolving the parties' marriage and dividing the marital property pursuant to a stipulation. 854 S.W.2d at 833. Thirty-eight days later, the court entered an amended decree of dissolution that added a legal description of the marital home. *Id.* Because the trial court had already lost jurisdiction over the judgment under 75.01,[2] the appellate court looked at whether the amended decree was a modification of the original decree, or whether it was a nunc pro tunc order. *Id.* Since the only change in the amended decree was the insertion of the legal description, and "the legal description merely served to further describe what was already in the record" and known to both parties, the court found that the amended decree was a nunc pro tunc order. *Id.* at 834.

The Court in *Pirtle* summarized the requirements of a nunc pro tunc order by stating:

> The party seeking to show that an order is an order nunc pro tunc must show that the original judgment entry did not accurately reflect the court's actual judgment and that the subsequent order merely caused the record to con-

---

**2.** Rule 75.01 provides, in part, that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportu-

nity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

form to the true judicial determination of the parties' rights. In other words, the subsequent order must do nothing more than correct a clerical error. To constitute an order nunc pro tunc, the order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the court's judgment. Additionally, as has been long established, the clerical error must be discernible from the record.

956 S.W.2d at 243 (internal citations omitted).

 Applying the law to the facts of this case, the evidence indicates that at the time of the dissolution, Husband had a thrift savings plan in his name, and Wife had a thrift savings plan in her name. The court's amended judgment divided these two thrift savings plans by stating, "The court orders one half of each thrift plan to each party." The only change the court made to the amended judgment by way of the "Supplemental Judgment" was to change the language dividing the parties' thrift savings plans to read, "Evelyn M. Eckhoff is awarded 50% of the Thrift Savings Plan account of Richard Paul Eckhoff, SSN [ ] as of January 29, 1999, and Richard Paul Eckhoff is awarded 50% of the Thrift Savings Plan account of Evelyn M. Eckhoff, SSN [ ] as of January 29, 1999." The relief granted did not change the legal effect or the nature of the trial court's judgment, it merely further described what was already in the record, of which both Husband and Wife were aware. *See Lockett,* 854 S.W.2d at 834. Under both the amended judgment and the "Supplemental Judgment" correcting the amended judgment, the court clearly awarded Wife one-half of Husband's thrift savings plan, and awarded Husband one-half of Wife's thrift savings plan. Thus, no prejudice resulted to Husband. *See id.* Since the

"Supplemental Judgment" effected no substantive change to the amended judgment, and instead changed only the record, *Pirtle,* 956 S.W.2d at 242, the "Supplemental Judgment" was a permissible nunc pro tunc order pursuant to Rule 74.06(a).

Although the trial court stated that it was correcting the amended judgment pursuant to Rule 74.06(b)(1) on the basis of mistake, this court finds that the "Supplemental Judgment" is properly characterized as a nunc pro tunc order pursuant to Rule 74.06(a). Because the trial court reached the right result, however, the judgment of the trial court is affirmed. *See Graham,* 984 S.W.2d at 506.

All concur.