**Francine Ann INTRAVIA,
Petitioner/Respondent,**

v.

**Joseph Flick INTRAVIA,
Respondent/Appellant.**

No. ED 80059.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 17, 2002.

Jane E. Tomich, Knight & Tomich, St. Charles, for appellant.

Aaron S. Dubin, Frankel, Rubin, Bond, Dubin, & Siegel, P.C., Clayton, for respondent.

MARY K. HOFF, Judge.

Joseph Flick Intravia (Father) appeals from the trial court's judgment overruling his motion to amend the judgment of modification nunc pro tunc. In this motion, Father requested correction of a clerical error in the entry of the judgment of modification, which required him to pay $407.00 per month, per child, to Francine Ann Intravia (Mother) instead of a total of

$407.00 per month. We reverse and remand.

When Father and Mother divorced, the trial court awarded primary custody of the parties' two minor children to Father and ordered Mother to pay child support to Father in the amount of $125.00 per month. Mother subsequently filed a verified motion to modify seeking primary custody of the two minor children and child support to be paid by Father. Mother submitted a Form 14 worksheet, based on two minor children, which reported the presumed child support amount attributable to Father as $407.00 per month. The Form 14 worksheet was based on the monthly gross income of the parties and the suggested support required for two children. Based on this information, the trial court found in its judgment that Father was in default and entered a judgment of modification granting primary custody of the two minor children to Mother and ordering Father to "pay to [Mother] the sum of Four Hundred Seven & 00/100 Dollars ($407.00) per month, per child, ... and that said sum was calculated pursuant to Supreme Court Rule 88.01, Form 14."

Father later filed a motion to amend the judgment of modification nunc pro tunc urging the award of $407.00 per month per child was a clerical error and the judgment should be corrected to reflect a total of $407.00 per month for both children.[1] At the hearing regarding this matter, Mother's attorney indicated that no evidence was required, only legal argument, to resolve Father's motion. Following the entry of the judgment overruling his motion Father appealed.[2]

In his sole point, Father claims the trial court erred in overruling his motion to amend the judgment of modification nunc pro tunc because the judgment of modification contained a clerical error which should have been remedied by a nunc pro tunc order. We agree.

When a judgment is entered and a motion for a nunc pro tunc order seeks to change it, we presume that the judgment entered is the judgment of the court, and the burden is on the movant to show by competent evidence that a different judgment was in fact rendered. *County Asphalt Co. v. Demien Const. Co.*, 14 S.W.3d 680, 682 (Mo.App. E.D.2000). We will uphold the action of the trial court unless the evidence in support of the motion for a nunc pro tunc order is so clear that it leaves no reasonable ground upon which to reject it. *Id.* at 683.

The court's power to issue nunc pro tunc orders derives from a court's jurisdiction over its own records. *Pirtle v. Cook*, 956 S.W.2d 235, 240 (Mo. banc 1997). A court is considered to have continuing jurisdiction over its records to permit the court to amend its records " 'according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal.' " *Id.* (*quoting DeKalb County v. Hixon*, 44 Mo. 341, 342 (1869)). "Errors can occur between the 'judicial act of the court in rendering judgment and the ministerial act of entering it upon the record.' " *Unterreiner v. Estate of Unterreiner*, 899 S.W.2d 596, 598 (Mo.App. E.D. 1995) (*quoting First Nat'l. Bank of Collinsville, Ill. v. Goldfarb*, 527 S.W.2d 427, 430 (Mo.App. E.D.1975)).

---

**1.** Father also filed a motion to modify with the trial court which is not at issue in this appeal.

**2.** Father's motion to amend the judgment of modification nunc pro tunc was heard and ruled on by a different judge than the judge who entered judgment on January 4, 1999, on Mother's motion to modify.

■ Notably, the power to issue nunc pro tunc orders constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself. *Pirtle*, 956 S.W.2d at 240. The only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was actually done, but which, because of that error or omission was not properly recorded. *Id.* It may not be used to order that which was not actually done, or to change or modify the action which was taken. *Id.*

■ "A mistake can be clerical whether made by the clerk, the judge, the jury, a party or an attorney." *In re Marriage of Royall*, 569 S.W.2d 369, 370 (Mo.App. E.D. 1978). The clerical error to be corrected by a nunc pro tunc order must be discernible from the record. *County Asphalt Co.*, 14 S.W.3d at 683. "There must be some writing in the record which shows the judgment as actually rendered." *Id.* Moreover, the nunc pro tunc order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the judgment of the court. *Id.* In case of doubt, the court may look at the entire record to ascertain the judgment actually rendered as contrasted with the judgment entered. *Fields v. Fields*, 584 S.W.2d 163, 165 (Mo.App. W.D.1979).

According to the testimony at the hearing, Mother's attorney prepared the January 4, 1999 judgment for the trial court's signature. In this judgment, the trial court stated the child support ordered "was calculated pursuant to Supreme Court Rule 88.01, Form 14." The only Form 14 in the record lists two minor children and reports the presumed child support amount for the parent paying support to be $407.00 per month. Nothing on that form says $407.00 *per child* per month. Mother asserts the judgment does

not incorporate or make reference to any specific Form 14 child support computation, and therefore we cannot rely on the Form 14 in the record as the court's basis for its judgment. However, the only Form 14 in the record at the time of the judgment of modification was the form submitted by Mother, and found immediately after the judgment of modification. Mother obtained a default judgment against Father who failed to appear and did not file a Form 14 with the court.

The minutes of the trial court proceedings indicate that on December 3, 1998, the trial court "pass[ed] cause to 1/4/99 for submission by affidavit ..." The next entry in the record reports Mother's affidavit was filed on January 4, 1999. The trial court entered judgment of modification that same day. We find no separate entry in the minutes of the file to indicate the Form 14 was filed separate from the judgment, and note that it is stamped filed on the same date. Because the Form 14 was referenced in the trial court's judgment, and due to a lack of evidence indicating otherwise, we can infer that the Form 14 in the record was filed by the trial court with the judgment of modification.

Additionally, Rule 88.01 provides that the presumed child support amount in Form 14 creates a rebuttable presumption that the amount calculated is the correct amount to be awarded, absent a specific finding on the record that the amount calculated in the Form 14 is unjust or inappropriate. We do not find anything in the record before us that would indicate the trial court considered the presumed child support amount of $407.00 to be unjust or inappropriate.

Mother has not directed us to anything in the record that would lead this Court to believe the inconsistency between Form 14 and the trial court's judgment was anything other than a clerical error. The evidence in support of Father's motion to

amend the judgment of modification nunc pro tunc is so clear that it leaves no reasonable ground upon which to reject it. The trial court's judgment overruling Father's motion for nunc pro tunc correction of the judgment of modification is reversed and the case is remanded with directions to the trial court to correct the judgment of modification to show, "Four Hundred Seven & 00/100 Dollars ($407.00) per month" instead of "Four Hundred Seven & 00/100 Dollars ($407.00) per month, per child." [3]

ROBERT G. DOWD, JR., Presiding Judge and GEORGE W. DRAPER III, Judge, concur.

**3.** Mother claims in her motion to strike that Mother's affidavit contained in Father's legal file was not before the trial court when it considered Father's motion to amend the judgment of modification nunc pro tunc. The affidavit in question was Mother's verified motion to modify, which resulted in the judgment that Father sought to have amended. We find it absurd to assume the trial court did not have before it the record from the earlier proceeding while it considered an alleged error in the entry of judgment from that earlier proceeding. Furthermore, the affidavit was again filed with the trial court following the filing of Father's motion to modify, which motion to modify was partially heard by the trial court when it ruled on Father's motion to amend the judgment of modification nunc pro tunc. " . . . [A] court will be presumed to have taken judicial notice of previous cases before it if justice required that court take such judicial notice and if there was no showing that court refused to do so." *State v. Dillon,* 41 S.W.3d 479, 482 (Mo.App. E.D. 2000). Mother's motion to strike a portion of Father's legal file is denied.