Lisa SULLIVAN, f/k/a
Miner, Appellant,

v.

Timothy D. MINER, Respondent.

No. ED 86056.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 3, 2006.

Michael F. Avioli, St. Louis, MO, for appellant.

Robert J. Lenze, St. Louis, MO, for respondent.

Before MARY K. HOFF, P.J., CLIFFORD H. AHRENS, J., and PATRICIA L. COHEN, J.

PER CURIAM.

Timothy D. Miner ("father") appeals the trial court's judgment granting the nunc pro tunc motion of Lisa Sullivan, f/k/a Miner ("mother") and ordering him to pay child support in the amount of $1,065 per month. Father claims the trial court erroneously applied the law when it substantively altered the terms of the original dissolution judgment with its nunc pro tunc judgment and order. We reverse.

Father and mother were divorced on August 21, 2000. The judgment of dissolution ordered father to pay child support in the amount of $745.00 per month to mother for their two minor children. The judgment was a form, which provided boxes to be checked to indicate the terms of the judgment. With respect to the child support provisions, a box was checked indicating that a Form 14 presumed child support amount calculation worksheet was filed. The description next to this box cited a "presumed child support amount" from the worksheet of $745.00. A box next to the statement, "[c]ourt finds that the Form 14 amount, after consideration of all relevant factors, is unjust or inappropriate," was also marked.

Mother filed a nunc pro tunc motion in September of 2004, approximately four years after the judgment of dissolution. She alleged that the Form 14 referred to in the dissolution contained mathematical errors in the calculation of child support. Specifically, she noted that the lines providing for a basic child support amount and for total additional child rearing costs were improperly added together to arrive at the total of $1,521.00. These amounts should have totaled $2,020.00, resulting in the calculation of a presumed child support amount of $1,065.00 per month, instead of the $745.00 contained in the Form 14 and recited in the court's judgment. Mother asked the court to correct the error and order father to pay $1,065.00 per month in child support. She also asked that this change be retroactively applied to the date of the original dissolution. The trial court granted mother's motion, finding that its judgment contained a clerical mistake. The court noted that the court ordered child support contained in the judgment was miscalculated because of a mathematical error. The court corrected the judgment per Missouri Supreme Court Rule 74.06(a) to reflect an award of child support in the amount of $1,065.00. The court also awarded mother $16,000.00 for retroactive support, dating back to the original dissolution.

Father filed a motion to set aside and vacate the judgment and order of the court. Mother filed a motion to amend the nunc pro tunc judgment based upon certain errors made therein. Mother also sought clarification as to any potential interest accrued on the retroactive child support amount. The court entered its order and judgment denying father's motion, and granting mother's motion in part. The

court corrected the portions of the order and judgment which recited incorrect dates, amounts, and other typographical errors contained therein. The court declined to assess interest on the retroactive amount of child support because the error was through no fault of father. Father now appeals.

■ Initially we note that mother requests that we dismiss father's appeal for failure to comply with the requirements of Missouri Supreme Court Rule 84.04 and for failure to provide us with the proper record on appeal. Specifically, mother argues that father fails to concisely state the legal reasons for his claim, and does not explain why those legal reasons support his claim of error, as required by Rule 84.04(d)(1)(B) and (C). We disagree. Father's point asserts error in the trial court's entry of a nunc pro tunc order, and he properly sets forth the legal bases for his claim, and he explains why they support his claim of error. Additionally, father has provided us with a proper record from which to review his claims. Although we have not been provided with transcripts of the original dissolution proceeding, nor of the hearing on mother's motion nunc pro tunc, these transcripts are not necessary for our review of father's claim.

In his first point on appeal, father claims the trial court erroneously applied the law in substantively modifying the original dissolution judgment with a nunc pro tunc order and judgment.

Rule 74.06(a) states, in relevant part, that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

■ A court may correct its records through the issuance of a nunc pro tunc order so the records reflect the true judgment of the court. *Eckhoff v. Eckhoff,* 71 S.W.3d 619, 623 (Mo.App.2002); (citing *Pirtle v. Cook,* 956 S.W.2d 235, 240–44 (Mo. banc 1997)). This power is limited only to the ability of the court to make the record conform to the judgment already rendered. *Id.* It cannot change the judgment itself. *Id.* The purpose of a nunc pro tunc order is to "correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded[.]" *Id.*

■ To determine whether a modification of the judgment occurred, or whether the court's order was a nunc pro tunc order, we must decide whether the order changes the original judgment or merely changes the record. *Eckhoff,* 71 S.W.3d at 623; (citing *Pirtle,* 956 S.W.2d at 240). The Supreme Court in *Pirtle,* stated that:

> The party seeking to show that an order is an order nunc pro tunc must show that the original judgment entry did not accurately reflect the court's actual judgment and that the subsequent order merely caused the record to conform to the true judicial determination of the parties' rights. 956 S.W.2d at 243 (internal citations omitted).

■ A nunc pro tunc order cannot correct anything resulting from the exercise of judicial discretion because this would result in a change in the court's judgment. *Eckhoff,* 71 S.W.3d at 624; (citing *Pirtle,* 956 S.W.2d at 243). Additionally, the clerical error must be discernible from the record. *Id.*

Mother argues that this court was faced with a similar issue in *Intravia v. Intravia,* 85 S.W.3d 733 (Mo.App.2002). In *Intravia,* a father sought a nunc pro tunc order from the court to amend a judgment of modification of child support. The judg-

ment recited an award of child support of $407.00 per month, per child for the two minor children. Father sought amendment to reflect the court's judgment of a child support award in the total amount of $407.00 per month. The trial court denied father's motion for a nunc pro tunc order. The trial court in *Intravia*, calculated child support pursuant to a Form 14. *Id.* The Form 14 contained a presumed child support amount of $407.00 a month, and did not refer to $407.00 per child per month. *Id.* Based upon the trial court's reliance on the Form 14 calculation, this court found that the court's judgment awarding $407.00 per month per child for child support was inconsistent with Form 14, and therefore, the judgment contained a clerical error. *Id.* We reversed the trial court's denial of father's motion, and remanded the cause with instructions to the trial court to enter a judgment reflecting the corrected judgment of a total of $407.00 in child support per month. *Id.* at 737.

 The facts of *Intravia* are distinguishable from those in the present case. Here, the trial court's judgment of dissolution ordered father to pay $745.00 per month in child support. This amount was consistent with the presumed child support from the Form 14 filed by mother with the court. However, in the present case this amount was improperly calculated based upon a mathematical error in the addition of certain lines on Form 14. The underlying Form 14 in *Intravia* did not contain such a mathematical error.

The court's correction of this mathematical error resulted in a substantive change to the original judgment. It did not merely correct the record. Instead, it modified the original judgment. The court is vested with considerable discretion in matters concerning child support. *Abbott v. Perez*, 140 S.W.3d 283, 293 (Mo.App.2004) (citation omitted). The court awarded mother

$745.00 per month in child support. The court's award of child support was the result of the exercise of its discretion, regardless of any potential mathematical error. This amount cannot properly be corrected by a nunc pro tunc order because it constitutes a change to the original judgment. *Eckhoff*, 71 S.W.3d at 624; (citing *Pirtle*, 956 S.W.2d at 243). As a result, the trial court erred in modifying the original dissolution judgment and the child support award therein by its nunc pro tunc order.

In his second and final point, father claims that a modification of the original judgment was erroneously entered without consideration of the relevant factors and in applying the judgment retroactively to the date of the original dissolution, in violation of section 452.370.

Because our review of father's first point is dispositive, it is not necessary to reach this issue on appeal.

The judgment of the trial court is reversed.