**FREDCO REALTY, INC., et al.,**
**Plaintiffs/Respondents,**

v.

**Elvis JONES, Defendant/Appellant.**

No. 65548.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 1, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 8, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Jennifer H. Fisher, St. Louis, for appellant.

James S. Mooney, St. Louis, for respondents.

GRIMM, Chief Judge.

Plaintiffs sued defendant, a contractor, on disputes arising out of construction contracts. The trial court granted an interlocutory order of default against defendant for numerous discovery violations.

A bench trial was then conducted to assess damages. All parties and their attorneys participated. The trial court awarded plaintiffs $266,620.99 in damages.

Defendant appeals. His five points of error allege the trial court erred in: 1) granting a default judgment as a discovery sanction, 2) assessing damages in excess of the amount prayed for, 3) granting an equitable lien against his residence, 4) rendering a verdict which is against the weight of the evidence, and 5) admitting into evidence a summary of damages.

We modify the trial court's judgment by deleting the equitable lien and affirm.

## I. Background

On June 1, 1988, plaintiffs filed suit against defendant, alleging conversion, breach of contract, unjust enrichment, and fraud, and seeking an accounting. The petition alleged that defendant took money paid to him under construction contracts and used it to purchase materials which he incorporated into his own structures.

Defendant's pattern of delay in this case began early and permeated the entire history of this case. At defendant's request, his time to file an answer was extended twice, with an answer finally due on September 29, 1988. On September 27, he filed his answer along with a copy of his voluntary petition in bankruptcy.

In February, 1989, defendant dismissed his bankruptcy petition. A motion for an accounting was set for July 11, 1989. Neither defendant nor his attorney appeared on July 11.

The trial court reset the motion for accounting for August 15, 1989. Due to a lack of proof of service on defendant, this hearing was continued.

In 1990, defendant was incarcerated in the federal penitentiary. He was apparently released in late 1990.

In 1991 and 1992, problems continued. To avoid extending this opinion, we omit reference to most of them and jump ahead to December, 1992. At that time, the trial court set this matter for trial on April 26, 1993. Further, the trial court ordered that all discovery was to be completed 30 days before that date.

On March 11, 1993, plaintiffs' attorney sent notice to defendant's attorney that defendant's deposition would be taken in plaintiffs' attorney's office on March 22, 1993. Due to a death in defendant's attorney's family, the deposition was rescheduled for March 26.

On March 25, defendant's attorney wrote plaintiffs' attorney. The letter said:

Our client is unable to attend the deposition scheduled for March 26, 1993. He will be available for deposition after April 12, 1993. We regret any inconvenience this may cause your office.

Plaintiffs' attorney received this letter on March 26.

On April 1, 1993, plaintiffs' attorney filed a motion for sanctions for defendant's failure to appear for deposition. He gave notice that the motion would be called up on April 16.

The trial court heard the motion and denied it. However, the trial court sustained plaintiffs' motion to shorten time to take defendant's deposition. The trial court's order said:

Defendant to appear for deposition at 10:00 a.m. April 19, 1993. Failure of defendant to appear will result in default judgment being entered against him.

Defendant also ordered to produce documents in accordance with request for production of documents.

Defendant and his attorney appeared for his deposition on April 19. However, they

appeared approximately 45 minutes late. The deposition began. At 12:03 p.m., defendant's attorney announced that she was concluding the deposition for ninety minutes. Although plaintiffs' attorney objected, defendant's attorney indicated that she and defendant were going to leave and would return at 1:30 p.m.

Defendant and his attorney did not return at 1:30. Rather, they apparently returned around 2:15. By that time, the court reporter was no longer available and the deposition was not resumed. Moreover, defendant did not produce the documents as ordered by the trial court.

The next day, plaintiffs' attorney filed another motion for sanctions. The motion was heard on April 26 and taken under advisement. Thereafter, the parties filed memoranda.

On April 30, the trial court filed a ten-page order, containing detailed findings of fact and conclusions of law. Among other things, the court stated:

> Defendant and his counsel have engaged in a willful and deliberate pattern of delay and obstruction by failing to comply with discovery requests, failure to appear for scheduled Court appearances and depositions, and the failure to show good cause for such conduct.

The trial court granted the motion for sanctions and entered an interlocutory order of default. It then set the case for trial on the issue of damages.

A two day trial was held and defendant's attorney fully participated. Thereafter, the trial court entered judgment in favor of plaintiffs and against defendant.

## II. Default Judgment

■ In his first point, defendant alleges the trial court erred in rendering a default judgment against him as a discovery sanction. He contends that "such a harsh remedy was unreasonable under the circumstances."

■ Rule 61.01(f) provides that a judge may issue various sanctions if a party fails to appear before the officer scheduled to take a deposition. One of the possible sanctions is "rendering a judgment by default against the disobedient party." Rule 61.01(d)(2). Although default is a drastic remedy, it can be properly invoked when a party has shown a contumacious and deliberate disregard for the authority of the court. *Whitworth v. Whitworth*, 878 S.W.2d 479, 482 (Mo.App. W.D.1994).

■ The trial court is vested with discretion as to whether to impose sanctions. *Sher v. Chand*, 889 S.W.2d 79, 82 (Mo.App. E.D.1994). The trial court's exercise of discretion will not be disturbed unless exercised unjustly. *Id.*

The trial court did not abuse its discretion or exercise it unjustly. The facts set out above amply justify the trial court's action. *See id.; Smithey v. Davis*, 752 S.W.2d 486, 488 (Mo.App.S.D.1988). Point denied.

## III. Damages

■ In his next point, defendant alleges the trial court erred in awarding damages in excess of the amount prayed for in the petition.

Plaintiffs' breach of contract count alleged damages of $200,000.00 and prayed for that amount. The trial court specified its judgment was based on breach of contract. It awarded plaintiffs a total of $266,620.99.

■ Generally, the amount of relief granted is restricted to the amount prayed for. *Oldham's Farm Sausage Co. v. Salco, Inc.*, 633 S.W.2d 177, 183 (Mo.App.W.D. 1982). However, where evidence is presented without objection and leads to a different damage total than pled, that issue has been tried by implied consent and treated as if it had been raised in the pleadings. *Edward L. Bakewell, Inc. v. Hall*, 767 S.W.2d 348, 350 (Mo.App.E.D.1989).

In the present case, defendant did not object to evidence which exceeded the

amount of damages alleged in the petition. Also, evidence exists to support the damages the trial court awarded. Point denied.

## IV. Equitable Lien

In his third point, defendant alleges the trial court erred in placing an equitable lien on his home for the total amount of the judgment. Specifically, he contends that the elements of an equitable lien were not met because the parties did not intend that his home would serve as security for payment of a debt.

An equitable lien may attach to property for the purpose of securing payment of an existing obligation and is ancillary to and separate from the debt. *Dave Kolb Grading, Inc. v. Lieberman Corp.*, 837 S.W.2d 924, 931 (Mo.App.E.D.1992). The necessary requirements of an equitable lien are: 1) a duty or obligation owed by one person to another; 2) a res to which that obligation fastens and which can be identified; and 3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation. *Id.; see also Iota Management Corp. v. Boulevard Inv. Co.*, 731 S.W.2d 399, 420 (Mo.App.E.D. 1987).

In the present case, there is evidence in the record that defendant incorporated into his own property materials purchased with payments from plaintiffs. For example, a four-car garage purchased from Hill Behan Lumber Company for $5,244.45 was delivered to, and erected, on defendant's Laurel Street property. Further, cedar decking was ordered and paid for, but was never delivered or installed on plaintiffs' property. Similar decking appears on defendant's property. Finally, a bill for two electrical furnaces was submitted although only gas furnaces were installed on plaintiffs' property.

However, the record is void of any evidence that the parties intended defendant's personal residence to act as security for his contract performance. Thus, plaintiffs failed to establish the third element of an equitable lien, i.e. an intent, express or implied, that the property serve as security for the payment of the debt or obligation. Thus, the equitable lien was improperly awarded. Defendant's point is granted and we modify the trial court's judgment by deleting the equitable lien.

## V. Sufficiency of the Evidence

In his fourth point, defendant questions the sufficiency of the evidence. He contends that the evidence of damages was inadequate.

This point has no merit. The trial court's findings of damages are in line with the evidence presented at trial. An extended discussion would have no precedential value. Point denied.

## VI. Best Evidence

In his final point, defendant alleges the trial court erred in "utilizing a summary of legal conclusions offered by [plaintiffs] as to their calculation of damages." Defendant contends that this evidence violated the best evidence rule.

The only summary disclosed by the evidence is exhibit 1. This exhibit was a summary of plaintiffs' disbursements for items that were in dispute. Plaintiffs offered the exhibit into evidence; defendant objected.

The trial judge said that he wanted to use the exhibit to aid him in following the testimony. Defendant's attorney apparently acquiesced, saying "if the Court wants to use that summary, obviously I think that it's fair to say that you could follow along better using that. But my objection goes to the admissibility of that into evidence."

The trial judge responded, "I'm not going to admit it as evidence." Thus, in effect, the objection was sustained. Point denied.

We modify the trial court's judgment by deleting the equitable lien and affirm.

AHRENS, P.J., and KAROHL, J., concur.