**BUREAUS INVESTMENT GROUP, Respondent,**

v.

**Keith WILLIAMS, Appellant.**

**No. ED 93491.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 11, 2010.

Martin Perron, St. Louis, MO, for appellant.

Gary Underwood, St. Louis, MO, for respondent.

Jeanine Armstrong, Co–Counsel for respondent.

NANNETTE A. BAKER, Judge.

### *Introduction*

Keith Williams ("Williams") appeals the City of St. Louis Circuit Court's denial of his motion to set aside the trial court's October 16, 2003 Judgment ("October 16, 2003 Judgment") in favor of Bureaus Investment Group as Assignee of First USA ("Bureaus Investment Group").

Williams raises three points on appeal. In his first point, Williams claims that the October 16, 2003 Judgment was void because it was an invalid attempt to retain jurisdiction more than thirty days after final judgment and an improper use of nunc pro tunc rules to increase the amount of the judgment by adding more interest and an award of attorney's fees. Second, Williams claims that the trial court erred when it denied his motion to quash the execution of the garnishments because the garnishments issued were based upon the void October 16, 2003 Judgment. Third, Williams claims that the trial court erred when it denied his motion because the

garnishments issued were not supported by the judgment in that they contained calculations and assessments of interest that were inconsistent with the judgment and "otherwise unlawful."

The trial court was without authority to enter the October 16, 2003 Judgment, therefore, this court has jurisdiction on appeal only to reinstate the trial court's April 17, 2003 Judgment, and remand to the trial court to quash all garnishments that were issued in execution of the October 16, 2003 Judgment.

### Factual and Procedural Background

On March 6, 2003, Bureaus Investment Group filed a "Suit on Charge Card" against Williams. Bureaus Investment Group asked for judgment against Williams for the "principal sum of $10,636.11 together with interest of 28.04% per annum from May 16, 2000, reasonable attorney's fees, and for costs herein." Because we base our decision on the timing of the filing of the amended judgment and its validity, we shall set forth a timeline of the relevant events.[1]

**April 17, 2003**

The trial court entered a default judgment against Williams ("April 17, 2003 Judgment"). The total judgment was for $21,882.74. The judgment listed the principal amount as $10,636.11 and interest in the amount of $11,246.63.

**May 28, 2003**

Forty-one days after the April 17, 2003 Judgment was entered, Bureaus Investment Group filed a motion to amend the default judgment pursuant to Rule 75.01[2] to add attorney's fees to the April 17, 2003 Judgment.

**October 16, 2003[3]**

The trial court entered an amended default judgment in the amount of $26,065.61, which now included $2,695.78 in attorney's fees. The words "Amended" and "Nunc Pro Tunc" were handwritten across the top of the judgment.

**July 15, 2009**

Williams filed a motion to set aside or vacate the default judgment and petition to stay or quash execution and petition to recover amounts wrongfully taken by garnishment.[4]

**July 23, 2009**

The trial court denied Williams' July 15, 2009 motion.

Williams now appeals the July 23, 2009 denial of his motion to set aside the October 16, 2003 Judgment and quash the execution of garnishments.

### Discussion

■■■ Williams raises three points on appeal. Before we can address the merits of Williams' points on appeal, we must determine our jurisdiction *sua sponte*. In

---

1. Bureaus Investment Group did not file a brief and, therefore, our facts are limited to Williams' brief and legal file.

2. All other rule references are to Mo. R. Civ. P. (2009), unless otherwise indicated.

3. We will refer to the judgment as the "October 16, 2003 Judgment" even though there are two dates listed on this judgment: October 16, 2003 and October 20, 2003. October 16, 2003 is the date listed on the face of the judgment while October 20, 2003 is on the file stamp. However, the City of St. Louis circuit court docket sheet states that the judgment was entered on October 16, 2003 and the garnishments refer to the judgment on October 16, 2003.

4. Between August 2006 and August 2009, five garnishments in execution of the October 16, 2003 Judgment were issued. The first garnishment was issued against Berkeley City Police Department, the second was issued against Pulaski Bank, and the last three were issued against U.S. Bank.

*re Estate of Shaw*, 256 S.W.3d 72, 73 (Mo. banc 2008). In cases where the trial court has exceeded its authority in entering an order or judgment, we cannot consider the merits of the appeal, but we have the jurisdiction to confine a trial court to its authority. *Id.* at 77; *see also J.C.W. ex rel Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009).

"[A] trial court retains control over a final judgment for thirty days after entry and during that time period may vacate, correct, amend, or modify its judgment." *Martin, Malec & Leopold, P.C. v. Denen*, 285 S.W.3d 383, 386 (Mo.App. E.D.2009); *see also* Rule 75.01.

Here, the trial court entered its default judgment on April 17, 2003. Under Rule 75.01, the trial court's control was limited to thirty days after entry of the judgment. Therefore, the April 17, 2003 Judgment became final on May 19, 2003. On May 28, 2003, after the trial court no longer had control over the judgment, Bureaus Investment Group filed its motion to amend the default judgment.

Although the trial court did not have authority to enter any orders after the April 17, 2003 Judgment became final, this court is not deprived of jurisdiction to consider the appeal. *Estate of Shaw*, 256 S.W.3d at 77. "Appellate courts inherently have supervisory authority to confine a trial court to its jurisdiction." *Id.* Without this authority, we would be unable to address the invalid judgment. *Denen*, 285 S.W.3d at 389.

In this case, any actions taken by the trial court after the April 17, 2003 Judgment became final were invalid. As such, all orders entered after the April 17, 2003 Judgment became final are invalid unless the trial court at the request of Bureaus Investment Group was able to amend the April 17, 2003 Judgment with authority granted by another rule.

It appears that the trial court attempted to maintain control over this case by handwriting "Nunc Pro Tunc" on the heading of the October 16, 2003 Judgment. A nunc pro tunc judgment is a common law concept that recognizes a court's control over its records when it no longer has control over the case. *Wilson v. Lilleston*, 290 S.W.3d 795, 799 (Mo.App. W.D.2009). Rule 74.06(a) codified this concept. *Pirtle v. Cook*, 956 S.W.2d 235, 241 (Mo. banc 1997). Rule 74.06(a) provides:

> (a) Clerical Mistakes—Procedure. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

A court may only use a nunc pro tunc order to make the record conform to the judgment already rendered. *Pirtle*, 956 S.W.2d at 240. A court may not use a nunc pro tunc order to alter or amend the judgment. *Id.* " 'It is universally held that the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done*, but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken.' " *Id.* (quoting *City of Ferguson v. Nelson*, 438 S.W.2d 249, 253 (Mo.1969) (emphasis in original)); *see, e.g., Lockett v. Musterman*, 854 S.W.2d 831, 833–34 (Mo. App. E.D.1993) (finding that the amended decree was a nunc pro tunc order because it merely added a legal description of prop-

erty already described in the prior orders and known by both parties); *Pirtle,* 956 S.W.2d at 243 (finding that the amended decree was a nunc pro tunc order because it corrected the misuse of the terms "Petitioner" and "Respondent" in the original decree so that it conformed to the court's true judgment). "It is improper to use a nunc pro tunc order 'to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do.'" *Javier v. Javier,* 955 S.W.2d 224, 225–26 (Mo.App. E.D.1997) (quoting *In re Marriage of Royall,* 569 S.W.2d 369, 371 (Mo. App. St. Louis Dist.1978)).

To determine whether the October 16, 2003 Judgment was a proper nunc pro tunc order or a modification of the April 17, 2003 Judgment, this court must decide whether the order changes the original judgment or merely changes the record. *Sullivan v. Miner,* 180 S.W.3d 531, 533 (Mo.App. E.D.2006). In order to be a clerical error, the change or addition to the amended order must be discernable from the record. *Id.*

The April 17, 2003 Judgment was submitted to the court by Bureaus Investment Group and it provided, in part, as follows:

> WHEREFORE, IT IS ORDERED AND DECREED, that Plaintiff recover of the Defendant(s) as follows:
>
> | PRINCIPAL | $10,636.11 |
> | INTEREST | $11,246.63 |
> | TOTAL | $21,882.74 PLUS COURT COSTS |
>
> To include interest as set out in the petition from date of judgment until paid in full.

The original judgment did not include attorney's fees, however, the October 16, 2003 Judgment provided for $2,695.78 in attorney's fees. The trial court's addition of attorney's fees to the April 17, 2003

Judgment did not correct a mere clerical error but improperly modified the original decree. Thus, the trial court also had no authority under Rule 74.06(a) to enter the October 16, 2003 Judgment.

### Conclusion

The trial court was without authority to enter the October 16, 2003 Judgment, therefore, the judgment is vacated. This court has jurisdiction on appeal only to reinstate the trial court's April 17, 2003 Judgment and remand to the trial court to quash all garnishments that were issued in execution of the October 16, 2003 Judgment.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.