METROPOLITAN ST. LOUIS SEWER DISTRICT, Respondent,

v.

ST. ANN PLAZA, INC. and Tomax Development Corporation, Appellants.

No. ED 96512.

Missouri Court of Appeals, Eastern District, Division Four.

April 17, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2012.

Application for Transfer Denied Aug. 14, 2012.

Terrence F. Moffitt, St. Louis, MO, for appellants.

Randall E. Gusdorf, Clayton, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

St. Ann Plaza, Inc. and Tomax Development Corp. (Defendants) appeal the trial court's judgment in favor of Metropolitan St. Louis Sewer District (MSD) on MSD's petition on account, for quantum meruit, and for unjust enrichment. Defendants claim the trial court judgment is not supported by substantial evidence because MSD failed to: (1) introduce into evidence the ordinances upon which its claims were predicated; and (2) establish by substantial and competent evidence Defendants' ownership of the properties for which MSD sought recovery of damages. In addition, Defendants contend that the trial court erred in entering the nunc pro tunc judgment against Defendants, jointly and severally, because MSD failed to present evidence to support a finding of joint and several liability. We affirm in part and reverse in part.

### Factual and Procedural Background

On February 25, 2010, MSD filed a petition on account, for quantum meruit, and for unjust enrichment against St. Ann Plaza. In its petition, MSD alleged that: St. Ann Plaza "owned, occupied, and/or held the water permit for real property(ies) ....or was/were otherwise served by Plaintiff's wastewater system"; "pursuant to Metropolitan St. Louis Sewer District Numbered Ordinances 12905 and 12906, and/or successor or prior ordinances, as a user of Plaintiff's wastewater system, Defendant(s) became indebted to Plaintiff in the amount of $5421.62"; despite MSD's demand, St. Ann Plaza has refused payment; and, in addition to the amount due,

"[p]ursuant to ordinance, Plaintiff is entitled to interest, late charges, collection charges, and reasonable attorney fees." On July 22, 2010, MSD filed an amended petition adding Tomax Development Corp. as a defendant.

The trial court held a bench trial on January 6, 2011. Prior to trial, MSD amended the petition to eliminate the claim for storm water charges and announced it was only seeking payment of the wastewater charges. At trial, MSD called as a witness its employee, Luciana Bowens, who was responsible for maintaining MSD's business records. Ms. Bowens testified that MSD is in the business of providing storm and wastewater services. Ms. Bowens stated that MSD bases its charges on the water usage shown in reports from Missouri American Water and MSD was seeking wastewater charges for Defendants' properties located at 10650 St. Charles Rock Road, 10654 St. Charles Rock Road, 10680 St. Charles Rock Road, 10706 St. Charles Rock Road, 10716 St. Charles Rock Road, 10718 St. Charles Rock Road, and 9901 Watson Road. Ms. Bowens also testified that the total charges Defendants owed MSD was $15,143.05 and, "pursuant to statute, MSD is allowed reasonable attorney fees" equal to 15 percent of the total amount due, which, in this case, was $2,271.00. Ms. Bowens stated that the "ordinances enacted by MSD" allow Plaintiff to rely on the St. Louis County Assessor's records to determine ownership of property.

Plaintiff offered and the trial court admitted without objection the following exhibits: Exhibit 1, statements of account for the accounts listed in Plaintiff's petition; Exhibit 2, reports from Missouri American Water reflecting the water usage for each property at issue; Exhibit 3, a spreadsheet prepared by Ms. Bowens reflecting the

balances due for seven properties, totaling $15,143.05; and Exhibit 4, records from the St. Louis County Assessor's website indicating that St. Ann ·Plaza or Tomax owned each of the properties in question. Defendants neither cross-examined Ms. Bowens nor introduced any evidence in their defense.

On January 6, 2011, the same day as the trial, the trial court entered judgment in favor of MSD "in the principal amount of $15,143.05 plus attorney fees of $2,271.00 for a total judgment amount of $17,-414.05."[1] The caption of the judgment listed St. Ann Plaza as defendant but did not include Tomax. On January 13, 2011, MSD filed a motion nunc pro tunc to amend the judgment, claiming that a "clerical error occurred on the judgment in that the name of Defendant TOMAX DEVELOPMENT CORPORATION was left off the heading of the judgment" and requesting that the court amend the judgment "to reflect that judgment was entered, jointly and severally, against both Defendants, ST. ANN PLAZA, INC. AND TOMAX DEVELOPMENT CORPORATION...." The trial court granted the motion the same day.

Defendants filed a motion for judgment or, in the alternative, motion for new trial on February 4, 2011. The trial court heard arguments on the defendants' motion on February 17, 2011, and denied the motion on March 2, 2011. Defendants appeal.

1. The trial court entered its judgment on MSD's petition on account.

2. Defendants did not raise at trial MSD's failure to introduce into evidence the MSD ordinances it cited in its petition on account, but argued in its motion for judgment or in the alternative motion for new trial that "the judgment is not supported by competent and

### Standard of Review

The standard of review in an appeal from a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Id.* at 32. We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding evidence and inferences to the contrary. *Id.*

### Discussion

In their first point on appeal, Defendants claim that the trial court's judgment is not supported by substantial evidence because MSD Ordinances Nos. 12095 and 12906 were not admitted into evidence. More specifically, Defendants argue that, because "MSD's claims are predicated on MSD ordinances which allegedly give MSD the right to collect wastewater user charges from Defendants, late fees, and attorney's fees," MSD could not satisfy its burden of proof without introducing into evidence the applicable ordinances. In response, MSD asserts that the trial court judgment was supported by substantial evidence because MSD proved each element of its action on account, none of which required proof of the MSD ordinances. We consider, in turn, Defendants' challenges to the trial court's award in favor of MSD in the principal amount of $15,143.05 and its award of attorneys' fees in the amount of $2,271.00.[2]

substantial evidence in that [MSD] Ordinances Numbered 12905 and 12906, and/or successor or prior ordinances, upon which [MSD's] claims are predicated, were not introduced and received into evidence." In cases tried without a jury, "[t]he question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court." Mo.

Defendants correctly cite the general rule that, unlike statutes, ordinances must be proven at trial. *Wheeler ex rel. Wheeler v. Phenix*, 335 S.W.3d 504, 515 (Mo.App. S.D.2011). Where the ordinance is an essential element of proof, such as in cases involving the assessment of a municipal tax or prosecution of a municipal ordinance violation, the ordinance must be before the court either by formal presentation or by stipulation. *See, e.g., City of Kansas City v. Carlson*, 328 S.W.3d 323, 325 (Mo.App. W.D.2010); *Bd. of Educ. v. Daly*, 129 S.W.3d 405, 408 (Mo.App. E.D. 2004). However, where the ordinance is not the basis of the cause of action, its absence from the record is not fatal to the proceedings. *Stegan v. H.W. Freeman Const. Co., Inc.*, 637 S.W.2d 794, 798–99 (Mo.App. E.D.1982).

In this case, the MSD ordinances pursuant to which MSD sought wastewater charges were not an essential element of proof. Because MSD's action against Defendants proceeded to trial on an on account theory of recovery, MSD had the burden to prove by substantial evidence the elements of an action on account. An action on account is an action based in contract to recover money for services performed or property sold and delivered. *Helmtec Indus., Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335–36 (Mo.App. E.D.1993). "An open account is a contract *implied in law* when both parties understand (whether verbally expressed or not) that the work that is performed will be compensated at a reasonable rate." *Berlin v. Pickett*, 221 S.W.3d 406, 413 (Mo. App. W.D.2006) (emphasis in original) (citations omitted). To prevail on an action on account, "[t]he plaintiff has the burden of making a submissible case by establish-

ing proof of an offer, an acceptance, consideration, correctness of the account, and the reasonableness of the charges." *Id.* at 410.

Missouri law implies a contract between an owner of real estate who receives water and sewage services and the entity that provides such services. *City of Maryville v. Cushman*, 363 Mo. 87, 249 S.W.2d 347, 354 (1952). This court will presume that water and sewer rates fixed by municipality are reasonable. *Mullenix–St. Charles Props., LP v. City of St. Charles*, 983 S.W.2d 550, 559 (Mo.App. E.D.1998) (*citing Shepherd v. City of Wentzville*, 645 S.W.2d 130, 133 (Mo.App. E.D.1982)).

As evidence of its open account, MSD offered into evidence its statements of account for Defendants' properties, as well as records indicating that Defendants owned the relevant properties and reports from Missouri American Water reflecting the water usage at various properties. In addition, Ms. Bowens testified that the account statements were maintained in MSD's "system that monitors the charges and payments for each account." MSD also introduced into evidence Exhibit 3, which, Ms. Bowens explained, was a document she created "to show the account numbers, property addresses, and a balance due on each account that's involved in the current litigation." According to Ms. Bowens' testimony and the documentary evidence admitted at trial, the amount due for wastewater services provided by MSD to Defendants' various properties totaled $15,143.05. Based on our review of the record, we conclude that MSD presented substantial evidence to establish each ele-

Rev.Stat. § 510.310.4 (2000); *see also City of Peculiar v. Effertz Bros. Inc.*, 254 S.W.3d 51, 61 (Mo.App. W.D.2008).

ment of its action on account. This portion of Point I is denied.[3]

■ Defendants also challenge the trial court's award of $2,271.00 in attorneys' fees, arguing that the award was not supported by substantial evidence because it was apparently based upon the language of an MSD ordinance that was not introduced into evidence. MSD counters that "[t]he information contained in the ordinance, received in evidence by oral testimony, *without objection*, has probative value sufficient to support the award of attorney's fees." (emphasis in original).

■ Missouri courts generally follow the American rule, which requires each party to bear the expense of its attorneys' fees. *Lorenzini v. Short*, 312 S.W.3d 467, 473 (Mo.App. E.D.2010). However, "attorney fees are recoverable in two situations: when a statute[4] specifically authorizes recovery and when the contract provides for attorney fees." *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 445 (Mo. banc 2010).

In the instant case, MSD bases its claim for attorney fees on the language of the MSD ordinance. In its petition, MSD alleged that it was entitled to attorneys' fees pursuant to ordinance. In support of this claim, MSD offered at trial the testimony of Ms. Bowens, who stated that "pursuant to statute, MSD is allowed reasonable attorney fees"[5] and "[t]hose reasonable attorney fees are 15 percent of that total

..." However, MSD neither introduced the ordinance into evidence nor entered into a stipulation with Defendants as to the contents of the ordinance. "The failure to read the ordinance in evidence did not go to the weight of the evidence merely, but without it there was an entire failure of evidence. Without it there is nothing upon which the judgment can stand. It was the very foundation upon which the [award] was bottomed ..." *Consumer Contact Co. v. State*, 592 S.W.2d 782, 785 (Mo. banc 1980) (*quoting City of St. Louis v. Roche*, 128 Mo. 541, 31 S.W. 915, 916 (1895)); *see also Schneider v. Housing Bd. of Appeals of City of Bridgeton*, 969 S.W.2d 873, 875 (Mo.App. E.D.1998) (holding that absence of the applicable ordinance from the record was a was a "fatal defect" even though a paragraph of the ordinance was entered into evidence as part of a larger exhibit and various witnesses mentioned the ordinance at the board hearing). Because MSD's alleged right to attorneys' fees in its action on account was created by ordinance, the ordinance is an essential element of proof and must be before the court either by formal presentation or by stipulation. *See Daly*, 129 S.W.3d at 408. Without the ordinance, there was insufficient evidence to support the trial court's award of attorneys' fees. Point denied in part and granted in part.

In their second point on appeal, Defendants claim that the trial court erred in entering judgment against St. Ann Plaza

---

**3.** Although MSD established by substantial and competent evidence that it was entitled to recover from Defendants the principal amount of $15,143.05, MSD failed to prove either Defendants' joint and several liability or the specific amounts for which each defendant was individually liable. We address this deficiency in our discussions of Defendants Points II and III.

**4.** We recognize that, here, the alleged right to attorneys' fees was created by municipal ordi-

nance, not statute. A municipal ordinance "has the force of law over the community in which it is adopted" and "is operative within its restricted sphere as effectively as a general law of the sovereignty." 5 McQuillin Mun. Corp. § 15:12 (3rd ed.).

**5.** Although the trial testimony refers to a "statute," the parties agree that Ms. Bowens' testimony related to the MSD ordinances.

in the amount of $15,143.05 because MSD failed to establish by competent evidence St. Ann Plaza's ownership of the property for which MSD sought recovery of $15,143.05. In Defendants' third point on appeal, they argue that that the trial court erred in entering judgment nunc pro tunc against Defendants jointly and severally because MSD failed to establish by substantial and competent evidence proof of Tomax's ownership of the property for which MSD sought recover in the amount of $15,143.05. Additionally, Defendants claim that MSD failed to establish any basis for St. Ann Plaza's joint and several liability. MSD, in turn, maintains that it presented substantial and competent evidence of Defendants' ownership of the properties in question and the amount of damages, but apparently concedes that the record does not support a finding of joint and several liability. MSD, therefore, asks this court to "enter the judgment the trial could have entered by separating the verdict for each Defendant." Because Defendants' second and third points on appeal are related and overlapping, we consider them together.

■■■■ Defendants first allege that the trial court erred in awarding damages in excess of the amount MSD prayed for in its petition. Generally, the amount of relief granted is restricted to the amount prayed for. *Fredco Realty, Inc. v. Jones,* 906 S.W.2d 818, 821 (Mo.App. E.D.1995). "However, where evidence is presented without objection and leads to a different damage total than pled, that issue has been tried by implied consent and treated as if it had been raised in the pleadings." *Id.*; Rule 55.33(b).

■■■ MSD's petition on account alleged that Defendants owed MSD $5,421.62 for, among other things, wastewater charges and storm water user charges. Prior to trial, MSD amended its claim to eliminate

the claim for storm water charges and limit its claim to wastewater charges, but MSD did not amend its prayer for relief. At trial, MSD presented evidence that Defendants' total unpaid wastewater user charges equaled $15,143.05, and the trial court entered judgment against Defendants for the principal amount of $15,143.05, plus attorneys' fees. MSD presented evidence to support the damages the trial court awarded, and Defendants did not object when MSD offered evidence of damages exceeding the amount that MSD alleged in its petition. *See Fredco Realty,* 906 S.W.2d at 821–22. "When variance occurs without objection between pleading and proof, such variance, especially in court tried cases, shall be considered immaterial and the pleadings deemed amended to conform to the proof." *Pike v. Pike,* 609 S.W.2d 397, 400 (Mo. banc 1980).

■■■■ Next, Defendants argue that MSD failed to establish by substantial and competent evidence St. Ann Plaza's ownership of the properties for which it sought recovery of $15,143.05 because Exhibit 4, consisting of pages printed from the St. Louis County Assessor's website, was not competent evidence of ownership. At trial, MSD presented Exhibit 4 to Ms. Bowens, who testified that it contained records from the St. Louis County Assessor's website showing "the property ownership of St. Ann Plaza or Tomax Development ..." Ms. Bowens further stated that MSD relies on the records of the St. Louis County Assessor to assess ownership and seek damages for unpaid services. Defendants did not object to Ms. Bowens' testimony regarding MSD's use of the St. Louis County Assessor's records as evidence of ownership or the admission of Exhibit 4 into evidence. "Even in a court-tried case, where no post-trial motion is required to preserve substantive issues for appellate review ... we cannot address arguments

that the appellant failed to raise at trial." *Arnold v. Minger*, 334 S.W.3d 650, 654 (Mo.App. S.D.2011) (quotation omitted). Because Defendants raised no objection at trial, this issue is not preserved for appeal.[6] *See Waldroup v. Dravenstott*, 972 S.W.2d 364, 371 (Mo.App. W.D.1998). "We decline to convict the trial court of error on something which it was not accorded an opportunity to rule and which is presented for the first time on appeal." *Arnold*, 334 S.W.3d at 654.

■ Defendants also contend that, even if Exhibit 4 constituted competent evidence of St. Ann Plaza's ownership, the evidence at trial shows that St. Ann Plaza owed MSD at most $8,589.58, while Tomax owed the remaining $6,553.47. We agree. At trial, MSD introduced Exhibit 1, which consists of MSD's statements of account for the properties listed in its petition. The documents contained in Exhibit 1 reflect the following balances for the properties owned by St. Ann Plaza:

10680 St. Charles Rock Road—$6,057.43

10706 St. Charles Rock Road—$26.29

10716 St. Charles Rock Road—$1,139.05

10718 St. Charles Rock Road—$1,366.81

The sum of these balances is $8,589.58. The remaining account statements in Ex-

hibit 1 establish that Tomax owned three properties with outstanding balances:

10650 St. Charles Rock Road—$1,793.98

10654 St. Charles Rock Road—$1,325.72

9901 Watson Road—$3,433.77

Based on this evidence, St. Ann Plaza was liable to MSD for $8,589.58, while Tomax was liable to MSD for $6,553.47.[7]

■ Although the evidence at trial showed that St. Ann Plaza and Tomax were separately liable to MSD for different amounts, the trial court judgment's of January 6, 2011 listed St. Ann Plaza as the only defendant and ordered damages of $15,143.03, plus attorneys' fees. On January 13, 2011, the trial court granted MSD's motion nunc pro tunc and amended the judgment to reflect that judgment was entered, jointly and severally, against St. Ann Plaza and Tomax.

■ A trial court may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission … at any time of its own initiative or on the motion of any party…." Rule 74.06(a). However, a court may not use a nunc pro tunc order to alter or amend a judgment. *Bureaus Inv. Group v. Williams*, 310 S.W.3d 297, 300 (Mo.App. E.D.2010) (em-

---

6. Likewise, Defendants failed to preserve its claim that Exhibit 4 only established St. Ann Plaza's ownership of the property at 10680 St. Charles Rock Road, because the handwritten notations in the exhibit, referring to the properties at 10706 St. Charles Rock Road, 10716 St. Charles Rock Road, and 10718 St. Charles Rock Road "cannot be considered as substantive evidence as to St. Ann's ownership of these other properties." Because Defendants failed to object when this evidence was introduced at trial, we deem the objection waived or abandoned. *See Citizens for Ground Water Prot. v. Porter*, 275 S.W.3d 329, 344 (Mo.App. S.D.2008).

7. To the extent that the remainder of Defendants' argument in Point II asks this court to reinterpret the record on appeal to conclude that MSD is "not entitled to recover judgment for Account number 699405-7," we decline to do so. "[A]ny citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence." *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. S.D.2010).

phasis in original). "It is improper to use a nunc pro tunc order to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do." *Id.* at 301 (quotation omitted).

■ To determine whether the January 13, 2011 judgment was a proper nunc pro tunc order or a modification, this court must determine whether the order changes the original judgment or merely changes the record. *Id.* "In order to be a clerical error, the change or addition to the amended order must be discernable from the record." *Id.* MSD apparently concedes that the record does not support a finding that St. Ann Plaza and Tomax are jointly and severally liable for MSD's damages. We therefore find that the trial court's addition of Tomax as a defendant did not correct a mere clerical error but improperly modified the original judgment. Thus, the trial court had no authority under Rule 74.06(a) to enter the January 13, 2011 judgment. Points granted in part and denied in part.

### Conclusion

The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

KURT S. ODENWALD, C.J., and ROBERT M. CLAYTON III, J., concur.