ST. LOUIS TITLE, LLC, Plaintiff,

v.

TALENT PLUS CONSULTANTS,
LLC, Respondent,

and

S.A.G. Properties, LLC, Appellant.

No. ED 98229.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 2013.

Thomas J. Henderson, St. Louis, MO, for appellant.

Patrick R. Gunn, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

S.A.G. Properties, LLC ("S.A.G.") appeals from the judgment of the trial court in favor of Talent Plus Consulting, LLC ("Talent Plus"). S.A.G. argues the trial court erred in awarding Talent Plus attorneys' fees and damages. We reverse in part and affirm in part.

■ Talent Plus entered into a contract with S.A.G. for the sale of certain property in the City of St. Louis. Pursuant to that agreement, Talent Plus deposited with St. Louis Title, LLC, ("St. Louis Title") the escrow agent, $5,000 as earnest money.

Talent Plus terminated its offer to purchase based on contingencies for financing and parking. The appraisal for the building was considerably lower than the $275,000 purchase price, which created an insurmountable challenge for its financing package. Talent Plus was also dissatisfied with the parking at the property.

This suit arose when St. Louis Title filed an interpleader action after both Talent Plus and S.A.G. made claims on the earnest money. Subsequently, the trial court ordered St. Louis Title to pay $4,145 into the registry of the court. The $4,145 represented the original $5,000 in earnest money minus St. Louis Title's attorneys' fees of $855. St. Louis Title was discharged from the case after it paid the money into the registry.

Talent Plus then filed a cross-claim against S.A.G., arguing it was entitled to recover the $4,145 in earnest money plus $855 from S.A.G. S.A.G. filed a motion to dismiss, arguing Talent Plus had failed to state a claim upon which relief may be granted. This motion was denied.

Subsequently, S.A.G. and Talent Plus authorized the release of the $4,145 from the court's registry to Talent Plus without prejudice. Thereafter, the matter was heard and the trial court entered judgment in favor of Talent Plus and against S.A.G. for a total of $3,119.45, which represented $855 plus interest and $2,187 in attorneys' fees.

S.A.G. then filed a motion to amend the judgment, requesting the trial court set aside its award for attorneys' fees and prejudgment interest. The trial court denied S.A.G.'s motion to amend, stating it lacked "jurisdiction" under Rule 75.01. This appeal follows.

■ Our standard of review in an appeal from a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Metropolitan St. Louis Sewer Dist. v. St. Ann Plaza, Inc.*, 371 S.W.3d 40, 44 (Mo.App. E.D.2012). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Id.* We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding evidence and inferences to the contrary. *Id.*

In its first point, S.A.G. argues the trial court erred in awarding Talent Plus attorneys' fees because the parties' contract did not provide for an award of attorneys' fees. We agree.

■ Whether a trial court has authority to award attorneys' fees is a question of law which we review *de novo*. *Lorenzini v. Short*, 312 S.W.3d 467, 472 (Mo.App. E.D.2010). Generally, with regard to awards of attorneys' fees and costs, Missouri courts adhere to the "American Rule," which provides that each litigant should bear his or her own expenses.

*Goines v. Missouri Dept. of Social Services, Family Support and Children's Div.*, 364 S.W.3d 684, 687 (Mo.App. W.D. 2012). Exceptions, however, are made where the fees are permitted by statute or contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the fees result from an individual being involved in collateral litigation. *Id.* at 688. In addition, an exception has been recognized in "special circumstances" where a party's conduct is "frivolous, without substantial legal grounds, reckless or punitive." *Id.*

The contract in this case mentions attorneys' fees three times. First, the contract provides S.A.G. shall pay all costs and expenses, including attorneys' fees, attributable or incurred in connection with transferring a proper title to Talent Plus. We find this first clause mentioning attorneys' fees is irrelevant to this appeal because the issue in this case has nothing to do with the title to the property.

Second, the indemnification clause of the contract states:

[e]ach party shall indemnify, defend and hold harmless the other against any and all claims, losses, damages, liabilities or costs, including, without limitation, attorneys' fees and expenses ... incurred as a result of or with regard to the breach of any representation or warranty contained in this Offer. Without limiting the foregoing, [S.A.G.] shall indemnify, defend and hold [Talent Plus] harmless against all claims, losses, damages, costs, expenses and liabilities, including without limitation attorneys' fees and expenses, incurred by [Talent Plus] in connection with the clean-up, removal or remediation of any Hazardous Substance which is on or in the Property.

While the indemnification provision at issue in the present case provides for the

recovery of attorneys' fees, including attorneys' fees incurred as a result of or with regard to the breach of any representation or warranty, nothing in the indemnification provision suggests that it provides for the recovery of legal expenses incurred in establishing the right to the earnest money.

■ The interpretation of a contract is a question of law. *State v. Nationwide Life Ins. Co.*, 340 S.W.3d 161, 182 (Mo. App. W.D.2011). The primary rule in interpreting a contract is to ascertain the parties' intent and give effect to that intent. *Id.* To ascertain the parties' intent, we rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole. *Id.*

With these principles in mind, we note S.A.G.'s breach was for failure to return the earnest money. This is not related to the types of representations and warranties at issue in the indemnification clause. Paragraph 8 of the contract is entitled "Representations and Warranties of Seller" and it includes several subparts concerning commission, title to realty, title to personalty, compliance with laws, zoning and subdivision, etc. However, it does not include any mention of earnest money. Further, the contract provides that "[e]xcept as expressly set forth herein, the parties make no representations or warranties of any kind whatsoever." Thus, we find the indemnification clause does not allow Talent Plus to recover attorneys' fees incurred attempting to recover its earnest money.

Third, the contract provides "[e]xcept as expressly provided for otherwise in this Offer, [S.A.G.] and [Talent Plus] shall each pay its own costs and expenses, including, without limitation, attorneys' fees and expenses incidental to this Offer and the transaction contemplated herein." We find this is the only attorneys' fee provision relevant to this appeal. This provision is consistent with the "American Rule," whereby each litigant pays its own costs. Further, we note that the exceptions to the "American Rule" are not applicable to this case. As a result, we find Talent Plus was not entitled to an award of attorneys' fees in this case.

The trial court erred in awarding Talent Plus attorneys' fees. Point granted.

■ In its second point, S.A.G. argues the trial court erred in awarding Talent Plus damages because its judgment was not supported by substantial evidence in that the evidence failed to establish Talent Plus was entitled to the earnest money deposit under the agreement. We disagree.

The contract between Talent Plus and S.A.G. provided as follows:

10. Conditions to Closing. [Talent Plus]'s obligation under this Offer shall be conditioned and contingent upon the following matters (as well as others set forth herein) and in the event said conditions are not satisfied or waived, [Talent Plus] shall have the right to cancel this Offer, in which event [S.A.G.] shall immediately return the Earnest Deposit to [Talent Plus] . . .

\* \* \*

(h) Contingency Matters. [Talent Plus] shall have conducted or obtained such examination or such other inspections as [Talent Plus] shall deem desirable and shall have approved the matters contemplated by Section 2 of this Offer.

Section 2 provides:

2. *Contingency.*

(a) *Contingency Period and Matters.* [Talent Plus] shall have a period of forty-five (45) days after the Date of Acceptance . . . to review and approve, in its sole discretion, any and all matters which in any way pertain to the value,

acquisition, condition, use and development of the Property, including without limitations the following matters:

\*   \*   \*

(vii) the receipt by [Talent Plus] of a commitment to finance Buyer's acquisition of the Property in such amount and with such terms acceptable to [Talent Plus] in [Talent Plus]'s sole discretion;

\*   \*   \*

(xi) confirmation that parking deemed sufficient for [Talent Plus]'s purposes, in [Talent Plus]'s sole discretion, is available on the surface parking lot immediately behind the Property.

The contract also provides:

(b) *Contract Termination Right and Contingency Period Extension Right.* In the event that [Talent Plus], in [Talent Plus]'s sole discretion, is not satisfied with the results of its review of any of the matters described in paragraph (a) of this Section 2, [Talent Plus] shall have the option to terminate this Offer by delivering written notice of its desire to so terminate to [S.A.G.] on or before the last day of the Contingency Period, in which event [S.A.G.] shall immediately return the Earnest Deposit to [Talent Plus] and the parties shall be released of all further obligations hereunder.

Talent Plus gave written notice that it canceled the contract because it could not satisfy two of the contingencies by obtaining financing and satisfactory parking. As a result, S.A.G. was obligated by the contract provisions set out above to immediately return the earnest money to Talent Plus. Thus, Talent Plus put on evidence demonstrating it properly terminated the contract, and S.A.G. failed to refute that evidence.

S.A.G. now argues for the first time on appeal that Talent Plus's termination of the contract did not comply with the deadlines in the contract. Because Defendants did not make any argument on these grounds at trial, this issue is not preserved for appeal. *Metropolitan St. Louis Sewer Dist. v. St. Ann Plaza, Inc.*, 371 S.W.3d 40, 48 (Mo.App. E.D.2012). We decline to convict the trial court of error on something which it was not accorded an opportunity to rule and which is presented for the first time on appeal. *Id.* Even in a court-tried case, where no post-trial motion is required to preserve substantive issues for appellate review, we cannot address arguments that the appellant failed to raise at trial. *Id.* at 47–48.

Talent Plus met its burden to show S.A.G. breached the contract and caused Talent Plus to incur $855.00 in damages because only $4,145.00 of its earnest money was returned to it. Therefore, we find the trial court did not err in awarding Talent Plus damages because the trial court's judgment was supported by substantial evidence in that the evidence established Talent Plus was entitled to the earnest money deposit under the agreement. Point denied.

The trial court's judgment is reversed and remanded in part and affirmed in part.

ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J., concur.